JACK DAILEY, Plaintiff v. DONALD POPMA and R. W. BEAVER, JR., Defendants

No. COA07-310

(Filed 17 June 2008)

**1. Appeal and Error— appealability—interlocutory order—certification—personal jurisdiction**

Although an appeal from the order granting defendant's motion to dismiss is from an interlocutory order since plaintiff's claims against another defendant remain pending, plaintiff was entitled to immediate appellate review based on the trial court's N.C.G.S. § 1A-1, Rule 54(b) certification and also by virtue of N.C.G.S. § 1-277(b) since plaintiff's claim was dismissed as a result of the trial court's decision that it lacked personal jurisdiction over defendant.

**2. Jurisdiction— personal jurisdiction—internet postings—minimum contacts**

The trial court did not err in a libel and civil conspiracy case arising out of defamatory comments posted on the internet by

dismissing plaintiff North Carolina resident's complaint against defendant Georgia resident based on lack of personal jurisdiction because: (1) whether internet postings confer jurisdiction in a particular forum hinges on the manifested intent and focus of defendant, and plaintiff presented no evidence suggesting that defendant, through his internet postings, manifested an intent to target and focus on North Carolina readers as required by the test in *Young*, 315 F.3d 256 (2003), for asserting personal jurisdiction over defendant; (2) plaintiff did not supply the court with the internet postings that form the basis for his libel suit and his assertion that personal jurisdiction existed over defendant; (3) defendant's assertion that he understood some of the participants in the pertinent internet bulletin board discussions were not located in North Carolina evidence a lack of focus on North Carolina residents; (4) the fact that some unspecified number of participants in the discussion groups might be North Carolinians does not establish that defendant intended to focus on or target those North Carolina participants; and (5) defendant's affidavit presented evidence that no conspiracy existed, and plaintiff submitted no evidence opposing defendant's showing.

Appeal by plaintiff from order entered 28 December 2006 by Judge Douglas S. Albright, Sr. in Guilford County Superior Court. Heard in the Court of Appeals 16 October 2007.

*Smith, James, Rowlett & Cohen, LLP, by Norman B. Smith, for plaintiff-appellant.*

*Hunter, Higgins, Miles, Elam & Benjamin, PLLC, by Gilbert J. Andia, Jr., for defendant-appellee Donald Popma.*

GEER, Judge.

Plaintiff Jack Dailey appeals from an order dismissing his claims against defendant Donald Popma on the ground that defendant has insufficient contacts with the State of North Carolina for personal jurisdiction to exist in this State. Plaintiff, a resident of North Carolina, claims that defendant, a resident of Georgia, posted defamatory statements about plaintiff on the internet. According to plaintiff, because the effect of the defamation occurred in North Carolina, sufficient minimum contacts exist.

The internet presents unique considerations when it comes to issues of personal jurisdiction. Because of the nature of the internet,

this Court, in *Havey v. Valentine*, 172 N.C. App. 812, 616 S.E.2d 642 (2005), adopted the Fourth Circuit's personal jurisdiction test for internet communications set out in *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707 (4th Cir. 2002), *cert. denied*, 537 U.S. 1105, 154 L. Ed. 2d 773, 123 S. Ct. 868 (2003). In this case, we adopt the Fourth Circuit's refinement of that test in *Young v. New Haven Advocate*, 315 F.3d 256 (4th Cir. 2002), *cert. denied*, 538 U.S. 1035, 155 L. Ed. 2d 1065, 123 S. Ct. 2092 (2003). Because plaintiff has presented no evidence suggesting that defendant, through his internet postings, manifested an intent to target and focus on North Carolina readers, the record contains no basis, under the *Young* test, for asserting personal jurisdiction over defendant.

## Facts

On 1 September 2006, plaintiff filed a complaint that asserted claims for libel and civil conspiracy arising out of internet postings. According to the complaint:

> During July and August, 2006, defendants posted numerous false and defamatory statements about plaintiff on the internet, these statements including that the plaintiff, (a) committed embezzlement; (b) committed theft; (c) is a cheat and a liar; (d) is going to be wearing an orange jumpsuit; (e) is a crook; (f) committed felonies; (g) is an asshole; (h) acted clandestinely and illegally; (i) is dishonest; (j) is a devious con man; (k) is a scumbag; (l) is the equivalent of a molester of boys; (m) will be convicted on multiple counts; (n) is extremely underhanded; (o) is a lying fraud.

The complaint alleged the following basis for personal jurisdiction over defendant:

> Defendant Donald Popma is a citizen and resident of Loganville, Georgia. This defendant is engaged in substantial activities within the State of North Carolina, including entering into a conspiracy with defendant R. W. Beaver, Jr., to engage in a course of defamation of plaintiff, and the publication of defamatory writings on the internet, which were intended to be, and which were, received and read by numerous individuals in the State of North Carolina.

On 3 November 2006, defendant filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Rules of Civil Procedure. The motion was supported by an affidavit of defendant, stating that defendant had sold his Cary home in October 2005, had not been present in North Carolina since that time, and was not

engaged in any activity in North Carolina at the time he was served with the summons.

With respect to the July and August 2006 internet postings that were the subject of the complaint, defendant stated that all internet postings made by him during that period were done while in Georgia. Defendant further stated:

> Although the Plaintiff has not attached copies of the specific postings he believes to be defamatory of him, I did participate in a number of Internet bulletin board discussions in which the topic related to shooting "camps" being conducted by Plaintiff. The camps were located in Ramseur, North Carolina and at least one other state (specifically, e.g., Alabama). These camps were attended by enthusiasts from a number of locations across the southeastern United States, and I, upon information and belief, [sic] some of the participants in the bulletin board discussion were not located in North Carolina.

Defendant denied having any discussions with R. W. Beaver, Jr. about posting information regarding plaintiff on the internet.

On 28 December 2006, the trial court entered an order granting defendant's motion to dismiss. The court found that defendant "has insufficient contacts with the forum state of North Carolina for this Court to maintain personal jurisdiction over him." Plaintiff filed a written notice of appeal on 10 January 2007. On 17 January 2007, plaintiff, pursuant to N.C.R. Civ. P. 60(b)(1) and 54(b), filed a motion to amend the trial court's judgment to provide that it was a final judgment as to defendant, and there was no just reason for delay. The trial court granted the motion on 24 January 2007 and amended its order to state: "This is a final judgment as to plaintiff's claims against defendant Donald Popma, and it is determined that there is no just reason for delay, so that this order of the court is to be subject to review on appeal, as provided in Rule 54(b) of the Rules of Civil Procedure." The order further provided that plaintiff's 10 January 2007 notice of appeal was withdrawn without prejudice. Plaintiff filed a new notice of appeal on 24 January 2007.

## Grounds for Appellate Review

[1] We first note that the order granting defendant's motion to dismiss is an interlocutory order since plaintiff's claims against R.W. Beaver, Jr. remain pending. An appeal from an interlocutory order is permissible "only if (1) the trial court certified the order under Rule

54(b) of the Rules of Civil Procedure, or (2) the order affects a substantial right that would be lost without immediate review." *Boyd v. Robeson County*, 169·N.C. App. 460, 464, 621 S.E.2d 1, 4, *disc. review denied*, 359 N.C. 629, 615 S.E.2d 866 (2005). The burden rests on the appellant to establish the basis for an interlocutory appeal. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994).

Jurisdiction in this case exists not only because of the trial court's Rule 54(b) certification, but also by virtue of N.C. Gen. Stat. § 1-277(b) (2007). That statute provides: "Any interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant . . . ." Since plaintiff's claim was dismissed as a result of the trial court's decision that it lacked personal jurisdiction over defendant, plaintiff has a right to an immediate appeal of that order.·

### Motion to Dismiss

**[2]** When reviewing an order deciding a motion to dismiss for lack of personal jurisdiction, we determine whether the findings of fact of the trial court are supported by competent evidence; if so, we must affirm the trial court's decision. *Replacements, Ltd. v. Midwesterling*, 133 N.C. App. 139, 140-41, 515 S.E.2d 46, 48 (1999). Findings of fact are not, however, required in the absence of a request by the· parties. *A.R. Haire, Inc. v. St. Denis*, 176 N.C. App. 255, 258, 625 S.E.2d 894, 898 (2006). *See also* N.C.R. Civ. P. 52(a)(2) ("Findings of fact and conclusions of law are necessary on decisions of any motion or order ex mero motu only when requested by a party and as provided by Rule 41(b)."). When, as here, the court does not make findings of fact, " 'it will be presumed that the judge, upon proper evidence, found facts sufficient to support his judgment.' " *A.R. Haire, Inc.*, 176 N.C. App. at 258, 625 S.E.2d at 898 (quoting *City of Salisbury v. Kirk Realty Co.*, 48 N.C. App. 427, 429, 268 S.E.2d 873, 875 (1980)). We must then review the record to determine whether there is competent evidence to support the trial court's "presumed findings." *Id.* at 258-59, 625 S.E.2d at 898.

Usually, personal jurisdiction issues are presented in one of three procedural postures: "(1) the defendant makes a motion to dismiss without submitting any opposing evidence; (2) the defendant supports its motion to dismiss with affidavits, but the plaintiff does not file any opposing evidence; or (3) both the defendant and the plaintiff submit affidavits addressing the personal jurisdiction

issues." *Banc of Am. Secs. LLC v. Evergreen Int'l Aviation, Inc.*, 169 N.C. App. 690, 693, 611 S.E.2d 179, 182 (2005). This case falls into the second category.

When, as here, the defendant presents evidence in support of his motion, the " 'allegations [in the complaint] can no longer be taken as true or controlling and plaintiff[] cannot rest on the allegations of the complaint.' " *Id.* (quoting *Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 615-16, 532 S.E.2d 215, 218, *appeal dismissed and disc. review denied*, 353 N.C. 261, 546 S.E.2d 90 (2000)). In that event, to determine whether there is sufficient evidence to establish personal jurisdiction, the court must consider: "(1) any allegations in the complaint that are not controverted by the defendant's affidavit and (2) all facts in the affidavit (which are uncontroverted because of the plaintiff's failure to offer evidence)." *Id.* at 693-94, 611 S.E.2d at 183.

Substantively, in deciding whether a North Carolina court has personal jurisdiction over a nonresident defendant, we must apply a two-step analysis: "First, the transaction must fall within the language of the State's 'long-arm' statute. Second, the exercise of jurisdiction must not violate the due process clause of the fourteenth amendment to the United States Constitution." *Tom Togs, Inc. v. Ben Elias Indus. Corp.*, 318 N.C. 361, 364, 348 S.E.2d 782, 785 (1986). Since neither plaintiff nor defendant disputes the applicability of the long-arm statute, the sole issue before this Court is whether the trial court properly concluded that asserting jurisdiction over defendant would violate due process.

"To satisfy the due process prong of the personal jurisdiction analysis, there must be sufficient 'minimum contacts' between the nonresident defendant and our state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " *Skinner v. Preferred Credit*, 361 N.C. 114, 122, 638 S.E.2d 203, 210 (2006) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158 (1945)). Our Supreme Court has noted that "[t]he concept of 'minimum contacts' furthers two goals. First, it safeguards the defendant from being required to defend an action in a distant or inconvenient forum. Second, it prevents a state from escaping the restraints imposed upon it by its status as a coequal sovereign in a federal system." *Miller v. Kite*, 313 N.C. 474, 477, 329 S.E.2d 663, 665 (1985).

There are two theories under which personal jurisdiction may exist consistent with the Due Process Clause: General jurisdiction

and specific jurisdiction. *Skinner,* 361 N.C. at 122, 638 S.E.2d at 210. In this case, there is no reliance on general jurisdiction. "Specific jurisdiction exists when the cause of action arises from or is related to defendant's contacts with the forum." *Id.* What constitutes "minimum contacts" depends on the quality and nature of the defendant's contacts on a case-by-case basis, but, regardless of the circumstances, there must be " 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State.' " *Chadbourn, Inc. v. Katz,* 285 N.C. 700, 705, 208 S.E.2d 676, 679 (1974) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298, 78 S. Ct. 1228, 1240 (1958)). The defendant's contact with the forum state must be " 'such that he should reasonably anticipate being haled into court there.' " *Tom Togs, Inc.,* 318 N.C. at 365, 348 S.E.2d at 786 (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 62 L. Ed. 2d 490, 501, 100 S. Ct. 559, 567 (1980)).

The dispositive question before this Court is whether posting messages on an internet bulletin board about a North Carolina resident and businessman constitutes sufficient minimum contacts to support a finding of personal jurisdiction over an out-of-state defendant. The only North Carolina case dealing with internet activity as a basis for personal jurisdiction is *Havey v. Valentine,* 172 N.C. App. 812, 616 S.E.2d 642 (2005). *Havey* adopted the test set out by the United States Court of Appeals for the Fourth Circuit in *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d 707 (4th Cir. 2002), *cert. denied,* 537 U.S. 1105, 154 L. Ed. 2d 773, 123 S. Ct. 868 (2003), for personal jurisdiction based on internet communications. *Havey,* 172 N.C. App. at 816-17, 616 S.E.2d 647-48.

The Fourth Circuit in *ALS Scan* held that:

a State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts. Under this standard, a person who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted and received.

*ALS Scan, Inc.,* 293 F.3d at 714. There is no dispute that plaintiff has met the third prong of the *ALS Scan* test. The issue on appeal is

whether plaintiff has demonstrated that defendant falls within the first two prongs of *ALS Scan.*

The Fourth Circuit refined the *ALS Scan* test in *Young v. New Haven Advocate,* 315 F.3d 256 (4th Cir. 2002), *cert. denied,* 538 U.S. 1035, 155 L. Ed. 2d 1065, 123 S. Ct. 2092 (2003), to address whether the posting of materials on a website, as we have here, is sufficient activity to extend jurisdiction to the forum state. The Fourth Circuit noted that "[w]hen the Internet activity is, as here, the posting of news articles on a website, the *ALS Scan* test works more smoothly when parts one and two of the test are considered together." *Id.* at 263.

In *Young,* the warden of a Virginia prison brought a libel suit in the United States District Court for the Western District of Virginia against Connecticut newspapers based on articles criticizing harsh conditions at the prison—which by contract with Connecticut housed Connecticut prisoners to alleviate overcrowding in Connecticut prisons. The warden relied upon the following contacts with Virginia in asserting specific personal jurisdiction over the newspapers:

> (1) the newspapers, knowing that Young was a Virginia resident, intentionally discussed and defamed him in their articles, (2) the newspapers posted the articles on their websites, which were accessible in Virginia, and (3) the primary effects of the defamatory statements on Young's reputation were felt in Virginia. Young emphasizes that he is not arguing that jurisdiction is proper in any location where defamatory Internet content can be accessed, which would be anywhere in the world. Rather, Young argues that personal jurisdiction is proper in Virginia because the newspapers understood that their defamatory articles, which were available to Virginia residents on the Internet, would expose Young to public hatred, contempt, and ridicule in Virginia, where he lived and worked.

*Id.* at 261-62. In this case, plaintiff makes an almost identical argument.

In addressing the *Young* plaintiff's contentions, the Fourth Circuit pointed out that "the fact that the newspapers' websites could be accessed anywhere, including Virginia, does not by itself demonstrate that the newspapers were intentionally directing their website content to a Virginia audience." *Id.* at 263. The court believed that "[s]omething more than posting and accessibility" in the forum state was needed in order for the newspapers to have purposefully—

through electronic means—directed their activity in a substantial way to the forum state. *Id.* The court determined that the dispositive question in such cases should be whether the defendant "through the Internet postings, manifest[ed] an intent to target and focus on [the forum state's] readers." *Id.* The court, after reviewing the newspapers' website and the actual articles, concluded that no basis for jurisdiction existed. *Id.*

We find the *Young* court's reasoning persuasive and consistent with this Court's analysis in *Havey.* We, therefore, adopt the test set out in *Young.* The question presented in this appeal becomes, therefore: Did defendant, through his internet postings, manifest an intent to target and focus on North Carolina readers?

The trial court's "presumed" finding that defendant did not manifest the necessary intention is supported by the record. Plaintiff did not supply the court with the internet postings that form the basis for his libel suit and his assertion that personal jurisdiction exists over defendant. As a result, the record contains no evidence that the postings textually targeted or focused on North Carolina readers. Defendant's affidavit indicates that he participated in a number of internet bulletin board discussions related to shooting "camps" conducted by plaintiff in at least North Carolina and Alabama, which camps were attended "by enthusiasts from a number of locations across the southeastern United States . . . ." Defendant further stated that he understood that some of the participants in the bulletin board discussions were not located in North Carolina. These assertions are evidence of a lack of focus on North Carolina residents.

In oral argument, however, plaintiff's counsel contended that we could assume from defendant's affidavit that some of the participants were, in fact, from North Carolina. The fact that some unspecified number of participants in the discussion groups might be North Carolinians does not, however, establish that defendant intended to focus on or target those North Carolina participants. *See Burleson v. Toback,* 391 F. Supp. 2d 401, 415 (M.D.N.C. 2005) ("Plaintiff's emphasis on the participation by a few residents of North Carolina in [the websites and web forum], while relevant, does not warrant the Court's exercise of personal jurisdiction because their limited participation does not indicate an intent by Defendants to focus on or target North Carolina.").

Plaintiff also argues that defendant's conspiracy with Beaver, a North Carolina resident, to post material about plaintiff constituted

purposeful activity directed at North Carolina. Although plaintiff has failed to cite any authority that a conspiracy with a North Carolina resident is sufficient to establish minimum contacts, we need not address that issue. Defendant's affidavit presented evidence that no conspiracy existed, and plaintiff has submitted no evidence opposing defendant's showing. Under our standard of review as to Rule 12(b)(2) motions, we must take defendant's assertions as true. The conspiracy alleged in the complaint cannot, therefore, support a determination that personal jurisdiction exists over defendant.

Plaintiff's primary argument is that the effect the postings had on him in North Carolina is sufficient under *Calder v. Jones*, 465 U.S. 783, 79 L. Ed. 2d 804, 104 S. Ct. 1482 (1984), and *Saxon v. Smith*, 125 N.C. App. 163, 479 S.E.2d 788 (1997), to establish personal jurisdiction over defendant. *Havey*, however, by adopting the *ALS Scan* test, established that for internet activity the effect on a plaintiff is not enough. A holding otherwise would confer jurisdiction in each state in which a plaintiff was affected by internet postings. The defense of lack of personal jurisdiction would, in effect, be eliminated from all cases involving defamation on the internet because:

> [T]he Internet is omnipresent—when a person places information on the Internet, he can communicate with persons in virtually every jurisdiction. If we were to conclude as a general principle that a person's act of placing information on the Internet subjects that person to personal jurisdiction in each State in which the information is accessed, then the defense of personal jurisdiction, in the sense that a State has geographically limited judicial power, would no longer exist. The person placing information on the Internet would be subject to personal jurisdiction in every State.

*ALS Scan, Inc.*, 293 F.3d at 712.

Saxon, upon which plaintiff relies, does not control the result in this case since it did not involve an internet communication. This Court noted in *Saxon* that in deciding whether minimum contacts exist, "[a]mong appropriate factors to be considered are *the quantity and nature of the contact*, the relationship between the contact and the cause of action, the interest of the forum state, the convenience of the parties, and the location of witnesses and material evidence." 125 N.C. App. at 173, 479 S.E.2d at 794 (emphasis added). The defendants in *Saxon* had physically sent 100 newsletters to North Carolina— an action specifically directed at North Carolina readers. An internet

posting, such as the ones in this case—which is not "sent" anywhere in particular, but rather can be accessed from anywhere in the world—is a contact of a qualitatively different "nature" than a physical mailing.

The federal district court in *Burleson* confronted an identical argument as that made by plaintiff in this case. The *Burleson* plaintiff, who raised miniature horses as guide animals, had sued for libel based on postings on websites and in a web forum criticizing the use of guide horses. The court observed that reliance on "effects" alone was precluded by *Young*:

> The Fourth Circuit again emphasized that "[a]lthough the place that the plaintiff feels the alleged injury is plainly relevant . . . it must ultimately be accompanied by the defendant's own [sufficient minimum] contacts with the state if jurisdiction . . . is to be upheld." *Young*, 315 F.3d at 262 (*quoting ESAB Group [v. Centricut, Inc.*, 126 F.3d 617, 626 (1997), *cert. denied*, 523 U.S. 1048, 140 L. Ed. 2d 513, 118 S. Ct. 1364 (1998)]). Therefore, a finding of jurisdiction on this ground in the present case would erode the rule elucidated by the Fourth Circuit and would unreasonably confer jurisdiction in the forum state of every plaintiff who may be impacted by a posting on an Internet bulletin board.

391 F. Supp. 2d at 416.

This view of internet activity and minimum contacts has also been adopted by other jurisdictions. *See Machulsky v. Hall*, 210 F. Supp. 2d 531, 542 (D.N.J. 2002) (posting of defamatory material on "feedback" web page regarding products and customer service of New Jersey resident insufficient for jurisdiction in New Jersey when defendant "posted statements to a global audience and did not target specifically any of [plaintiff's] potential customers in New Jersey"); *Barrett v. Catacombs Press*, 44 F. Supp. 2d 717, 728 (E.D. Pa. 1999) (holding that posting of allegedly libelous messages to listservs and USENET discussion groups not sufficient to establish jurisdiction in Pennsylvania even though majority of harm occurred in Pennsylvania); *Griffis v. Luban*, 646 N.W.2d 527, 535-36 (Minn. 2002) (evidence that defendant's allegedly defamatory statements on internet newsgroup were intentionally directed at plaintiff, whom defendant knew was Alabama resident, were not sufficient for personal jurisdiction in Alabama court when record did not indicate statements were targeted at the state of Alabama or Alabama audience apart from plaintiff; newsgroup was organized around particular sub-

ject and not Alabama; readers were not necessarily from Alabama), *cert. denied*, 538 U.S. 906, 155 L. Ed. 2d 225, 123 S. Ct. 1483 (2003).

In sum, whether internet postings confer jurisdiction in a particular forum hinges on the manifested intent and focus of the defendant. Because plaintiff has failed to establish that defendant posted the material in the bulletin board discussions with the intent to direct his content to a North Carolina audience, personal jurisdiction does not exist over defendant in North Carolina courts. Accordingly, we affirm the trial court's dismissal of plaintiff's complaint for lack of personal jurisdiction.

Affirmed.

Judges STEELMAN and STROUD concur.