Danius v. Sun TV Network, Ltd., 2012 NCBC 17.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| COUNTY OF MECKLENBURG | SUPERIOR COURT DIVISION<br>09 CVS 18696 |

CHRISTY X. DANIUS and LEEMA
PILLAI,

        Plaintiffs,

   v.

SUN TV NETWORK LIMITED, CNN-IBN,
NEW DELHI TELEVISION, LTD., and
STAR INDIA PRIVATE LIMITED,

        Defendants.

**ORDER & OPINION**

*Harrington Law, P.C. by James M. Harrington for Plaintiffs.*

*Fletcher & Rhoton, P.A. by John W. Fletcher, III for Defendant New Delhi Television, Ltd.*

Murphy, Judge.

    **THIS MATTER** is before the Court on New Delhi Television, Ltd.'s ("NDTV") Motion to Dismiss.

    Having considered the Court file, the parties' briefs and other submissions, the Court **GRANTS** NDTV's Motion to Dismiss.

I.

PROCEDURAL HISTORY

    {1}    On August 7, 2009, Plaintiffs filed this action against NDTV and others for *slander per se* arising from injuries sustained by Plaintiff Christy X. Danius' then-pregnant wife, Smalin Jenita, in an automobile accident on July 31, 2007. (Compl. ¶ 13.)

    {2}    Plaintiffs filed their First Amended Complaint on November 3, 2009.

    {3}    On May 27, 2010, this case was designated as a mandatory complex business case and assigned to this Court.

{4}     On June 1, 2010, NDTV's counsel entered a Notice of Limited Appearance strictly for purposes of monitoring the status of the case.

{5}     On September 27, 2010, Plaintiffs filed a Notice of Return of Service upon NDTV in India.

{6}     On October 1, 2010, NDTV filed its Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens* pursuant to North Carolina Rule of Civil Procedure 12(b)(2) and North Carolina General Statutes section 1-75.12(a).

{7}     Plaintiffs did not respond to NDTV's Motion to Dismiss or otherwise object to the relief requested within the timeframe allowed under the General Rules of Practice and Procedure for the North Carolina Business Court.  The Court granted NDTV's Motion to Dismiss on November 2, 2010.

{8}     On November 3, 2010, Plaintiffs filed a Response to Defendant NDTV's Motion to Dismiss, and also filed a Motion under Rule 60(b)(1) seeking relief from the Court's November 2, 2010 Order.

{9}     On February 7, 2011, attorney Adam Finkel of the law firm Sabharwal, Nordin & Finkel moved the Court for admission *pro hac vice* on behalf of NDTV.  The Court granted Mr. Finkel's motion, as amended, on March 2, 2011.

{10}    On August 10, 2011, the Court granted Plaintiffs' Rule 60(b)(1) Motion and vacated its prior Order dismissing claims against NDTV.

{11}    On August 12, 2011, the Court issued its Order and Opinion granting Defendant Sun TV Network Limited's ("Sun TV") Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2).  *See Danius v. Sun TV Network, Ltd.*, 2011 NCBC 31 (N.C. Super. Ct. Aug. 12, 2011), http://www.ncbusinesscourt. net/opinions/2011_NCBC_31.pdf.

{12}    On August 24, 2011, Plaintiffs filed a Notice of Supplemental Authority citing the United State Supreme Court's opinion in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011), wherein the Court rejected the North Carolina Court of Appeals' stream of commerce analysis as outlined in *Brown v. Meter*, 199 N.C. App. 50, 681 S.E.2d 382 (2009).  Plaintiffs had previously relied upon the holding of *Brown v. Meter* in support of their claims.

{13}   On August 25, 2011, NDTV filed its Reply Memorandum of Law in Further Support of its Motion to Dismiss.

II.

FINDINGS OF FACTS

{14}   NDTV is a limited corporation organized and existing under the laws of the country of India and having its principal place of business in New Delhi, India.  (Compl. ¶ 5.)

{15}   NDTV is a television network originating in India, the broadcasts of which are transmitted and sold in the United States through subscription satellite television services and via the Internet.  (Compl. ¶ 16.)

{16}   NDTV does not directly broadcast its programming into the United States, but instead contracts with DirecTV, a satellite subscription service, and an internet-based IPTV network, TV-Desi, LLC ("TV-Desi").  (Def.'s Ex. 1 ¶ 4.)  NDTV does not contract directly with any subscribers in North Carolina.  (Def.'s Ex. 1 ¶ 4.)  NDTV does not control where or to whom either DirecTV or TV-Desi provides subscription services in the United States.  (Def.'s Ex. 1 ¶¶ 6–7.)

{17}   In their Complaint, Plaintiffs allege that NDTV caused certain defamatory statements about Plaintiffs and their family to be "distributed throughout the United States via satellite and streaming Internet connections, beginning November 21, 2007."  (Compl. ¶ 71.)

{18}   Plaintiffs allege that NDTV's story, entitled "NRI[1] Grooms Turn Gory Assaulters," negligently and falsely reported that Plaintiffs committed "foul play" against Danius' wife, Smalin Jenita, as a result of a dowry dispute and that this report "continu[ed] to air" at least until the time of filing of the Plaintiffs' First Amended Complaint in November, 2009.  (Compl. ¶¶ 72–73.)

{19}   Plaintiffs contend that jurisdiction over NDTV is proper under section 1-75.4 of the North Carolina General Statutes because this action claims personal injury within North Carolina arising out of an act or omission outside the state by

---

[1] As Plaintiffs explain, "NRI" is an Indian media acronym for "non-resident Indian," i.e., an expatriate.

NDTV and because, at or about the time of injury, solicitation or services were carried on within North Carolina on behalf of NDTV. (Compl. ¶ 10.) Plaintiffs further contend that NDTV "purposefully directs [its] news stories to [North Carolina] in an attempt to transact business with the large Indian and Indian-American population in this state." (Compl. ¶ 12.)

{20} NDTV has never conducted direct business transactions in North Carolina, or maintained an office or agent for the transaction of business in the state, or leased or owned property here, or designated an agent for service of process in the state. (Def.'s Ex. 1 ¶ 3.)

III.

ANALYSIS

{21} NDTV filed its Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens* pursuant to North Carolina Rule of Civil Procedure 12(b)(2) and North Carolina General Statutes section 1-75.12(a).

{22} NDTV argues that it lacks the requisite contacts with North Carolina to establish personal jurisdiction in this forum, and that the forum is grossly inconvenient to NDTV and many, if not all, of the necessary witnesses.

{23} Where a defendant's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) is supported by a sworn affidavit unanswered by the plaintiff, the court may only accept as true and controlling those of the plaintiff's allegations that are uncontroverted by the defendant's affidavit, and must accept as true those sworn statements of the defendant that are uncontroverted by the plaintiff's allegations. *Dailey v. Popma*, 191 N.C. App. 64, 69, 662 S.E.2d 12, 16 (2008).[2]

{24} When evaluating personal jurisdiction, a trial court must engage in a two-step inquiry. *Cameron-Brown Co. v. Daves*, 83 N.C. App. 281, 283, 350 S.E.2d 111, 113 (1986).

---

[2] Here, NDTV filed the sworn affidavit of Anoop Singh Juneja, Associate Vice President (Legal) and Company Secretary for NDTV in support of its Motion to Dismiss. (*See* Def.'s Ex. 1.) Plaintiffs do not contest the material facts as stated in NDTV's sworn affidavit.

{25}     First, a basis for jurisdiction must exist under North Carolina's long-arm statute, section 1-75.4 of the North Carolina General Statutes. *Cameron-Brown*, 83 N.C. App. at 283, 350 S.E.2d at 113; *Ash v. Burnham Corp.*, 80 N.C. App. 459, 460, 343 S.E.2d 2, 2 (1986).

{26}     North Carolina's long-arm statute allows North Carolina courts to exercise personal jurisdiction in "any action claiming injury to person or property within this State arising out of [the defendant's] act or omission outside this State" if "solicitation or services activities were carried on within this State by or on behalf of the defendant." N.C. GEN. STAT. § 1-75.4(4)–(4)(a) (2012).

{27}     Here, Plaintiffs' allegations do not establish that any services activities were carried on within North Carolina on NDTV's behalf. Plaintiffs' Complaint does not allege any agency or joint-venture relationship between NDTV and any other service that offers NDTV's programming to viewers in the United States. NDTV supplies its programming to DirecTV and TV-Desi pursuant to the terms of undisclosed contracts. NDTV denies any agency or joint-venture relationship with either service, characterizing both DirecTV and TV-Desi as independent contractors. (Def.'s Ex. 1 ¶¶ 6–7.) NDTV denies knowledge of whether its programming is delivered to subscribers of DirecTV and/or TV-Desi who may be located in North Carolina. (Def.'s Ex. 1 ¶¶ 4, 6–7.) Plaintiffs do not contest NDTV's statement that it has never directly contracted with any subscriber in North Carolina, nor do they challenge NDTV's assertion that it has no control over where DirecTV or TV-Desi subscribers are located within the United States. (*See* Pls.' Br. Opp'n Def.'s Mot. Dismiss 3; Def.'s Ex. 1 ¶¶ 3–4, 6–7.) From a review of the Complaint and Defendant's sworn affidavit (Def.'s Ex. 1), it is unclear to the Court whether either DirecTV or TV-Desi acted on behalf of NDTV or on its own behalf to deliver NDTV programming to subscribers in North Carolina. The Court, therefore, cannot conclude as a matter of law that there is a basis for personal jurisdiction under North Carolina's long-arm statute.

{28}     Rather than ending its analysis here, the Court considers the second inquiry: "whether the defendant has the minimum contacts with North Carolina

necessary to meet the requirements of due process." *Robbins v. Ingham*, 179 N.C. App. 764, 770, 635 S.E.2d 610, 615 (2006) (citation omitted).

{29} State courts may exercise personal jurisdiction over an out-of-state defendant who has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

{30} *International Shoe*'s progeny have differentiated between specific, case-linked jurisdiction and general jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984); *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952).

{31} Specific jurisdiction depends on a relationship between the underlying controversy and the forum, the principal question being whether the specific activity or occurrence giving rise to the claim took place in the forum state and should, therefore, be subject to the state's regulation. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011). As the Supreme Court noted in *Goodyear*, specific jurisdiction involves an inquiry "whether there was 'some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* at 2854 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

{32} Here, the Court need not address specific jurisdiction to decide this matter because Plaintiffs concede that the Court lacks specific jurisdiction as to NDTV. (*See* Pls.' Br. Opp'n Def.'s Mot. Dismiss 2.) All parties agree that the allegedly slanderous news report occurred in India, not in North Carolina.

{33} "A court may assert general jurisdiction over foreign . . . corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 131 S. Ct. at 2851.

{34}    Plaintiffs contend that NDTV is subject to general jurisdiction in North Carolina based on the North Carolina Court of Appeals' holding in *Brown v. Meter* that "the appropriate question . . . is whether the [d]efendant[] [has] 'purposefully injected [its] product into the stream of commerce without any indication that [it] desired to limit the area of distribution . . . so as to exclude North Carolina.'" *Brown*, 199 N.C. App. at 63, 681 S.E.2d at 391 (quoting *Bush v. BASF Wyandotte Corp.*, 64 N.C. App. 41, 51, 306 S.E.2d 562, 568 (1983)).

{35}    The Court finds Plaintiffs' arguments unavailing for the reasons set forth below.

{36}    As previously noted, the *Brown* decision was reversed by the United States Supreme Court in *Goodyear*. The Supreme Court explained in *Goodyear* that the "[f]low of a manufacturer's products into the forum . . . may bolster an affiliation germane to *specific* [i.e., *not* general] jurisdiction." 131 U.S. at 2855 (emphasis in original) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

{37}    In dismissing Plaintiffs' related *slander per se* claim against co-defendant Sun TV, this Court held that "the 'stream of commerce' theory of general jurisdiction is not properly applied to causes of action other than products liability claims." *Danius*, 2011 NCBC 31 ¶ 45 (citing *Goodyear*, 131 S. Ct. 2846).[3]

---

[3] While this Court noted in *Danius* that "[n]o court in North Carolina has ever applied the 'stream of commerce' analysis to a defamation case," *Danius*, 2011 NCBC 31 ¶ 46, there is precedent in our case law for denying personal jurisdiction as to claims arising from publication of allegedly defamatory material in a foreign jurisdiction that is subsequently distributed in North Carolina by independent third parties. *Putnam v. Triangle Publications, Inc.*, 245 N.C. 432 (1957). In *Putnam*, the plaintiff alleged invasion of privacy and defamation against the defendant, a magazine publisher incorporated in Delaware with its primary place of business in Pennsylvania. *Id.* at 435. Like NDTV in the present case, the defendant in *Putnam* had "no financial interest of any kind in any wholesale or retail dealer in North Carolina[,] . . . never made any payments to them[,] . . . [and] never exercised, or attempted to exercise, any control, supervision or direction over the policy, management or details of the business of these wholesale news dealers or retailers, or their personnel, or over the methods employed by them for the purpose of promoting the sales of publications, except to the limited extent that the normal relations between them result in general advice or suggestions concerning sales methods and distribution." *Id.* The *Putnam* court added that "[t]hese wholesale news dealers do not hold themselves out to the public or

{38}    Even if Plaintiffs' "stream of commerce" arguments applied to a general jurisdiction analysis of this case, Plaintiffs have not sufficiently alleged that NDTV has the minimal contacts required to establish general jurisdiction in this state.

{39}    This Court has previously addressed personal jurisdiction in connection with Internet publication of allegedly defamatory statements that a defendant "knew or should have known would be published or republished in North Carolina." *Peterson v. Robertson*, 1999 NCBC 2 (N.C. Super. Ct. May 25, 1999), http://www.ncbusinesscourt.net/opinions/1999%20NCBC%202.htm, *rev'd on other grounds,* 140 N.C. App. 386, 540 S.E.2d 79 (2000) (unpublished opinion).  In *Peterson*, this Court rejected the plaintiff's argument that "making slanderous or libelous statements that may become part of the information base searchable on the Internet can subject a nonresident to jurisdiction in any forum[, n]or does the fact that [defendant's] television program is broadcast worldwide subject him to jurisdiction in any forum." *Peterson*, 1999 NCBC 2 ¶ 29.[4]

{40}    In reversing the North Carolina Court of Appeals' decision in *Brown v. Meter*, the Supreme Court of the United States stated that "[u]nder the sprawling view of general jurisdiction urged by respondents and embraced by the North

---

the trade as being agents or representatives of defendant, and they do not do business [o]n its behalf."  *Id.*

[4] The North Carolina Court of Appeals has since adopted a test set forth by the federal Court of Appeals for the Fourth Circuit for deciding personal jurisdiction over Internet-based tort (i.e., defamation) claims.  *Popma*, 191 N.C. App. at 70, 662 S.E.2d at 17.  Under this test, a North Carolina court may exercise personal jurisdiction over an out-of-state defendant who "(1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *Havey v. Valentine*, 172 N.C. App. 812, 816-17, 616 S.E.2d 642, 647-48 (2005).  The Court here notes that the *Havey* test, dependent as it is upon the relationship between the defendant's manifest intent and the plaintiff's injury, appears, under *Goodyear*, to be one of specific, not general, jurisdiction.  *See Goodyear*, 131 U.S. at 2855.  Therefore, the Court does not find the *Havey* test appropriate to a general jurisdiction analysis.  While Plaintiffs identify a cause of action arising from defamatory statements allegedly made available to North Carolina residents via the Internet, NDTV's Affidavit plainly refutes any allegation that NDTV *itself* directed such transmissions into North Carolina—by means of satellite or Internet—or that NDTV ever intended to transact business in the state.

Carolina Court of Appeals, any substantial manufacturer or seller of goods would be amenable to suit, on any claim for relief, *wherever its products are distributed.*" *Goodyear*, 131 S. Ct. at 2856 (emphasis added).

{41}  The facts before this Court suggest that NDTV's contacts with North Carolina are attributable to mere distribution of its communications by a third party within North Carolina. Plaintiffs do not challenge NDTV's denial that this distribution was the result of intentional or targeted conduct by NDTV. The Court, therefore, declines to find general jurisdiction over NDTV based on contacts that are, at best, highly attenuated. *See Goodyear*, 131 S. Ct. at 2856–57; *see also Danius*, 2011 NCBC 31 ¶¶ 51–53.

{42}  The Court holds, therefore, that jurisdiction over NDTV in this case does not comport with the due process requirements of general jurisdiction.

{43}  In addition to challenging personal jurisdiction, NDTV has moved for dismissal on *forum non conveniens* grounds pursuant to North Carolina General Statutes section 1-75.12(a).

{44}  Section 1-75.12(a) provides that a North Carolina trial court may, in its sound discretion, stay the action on defendant's motion if the defendant consents to suit in another jurisdiction that the judge finds would provide "a convenient, reasonable, and fair place of trial," and the judge also finds "that it would work substantial injustice for the action to be tried in a court of this State." N.C. GEN. STAT. § 1-75.12(a).

{45}  Having concluded that it lacks both personal and general jurisdiction over NDTV, the Court does not reach this alternative basis for dismissal.

{46}  For the foregoing reasons, the Court **GRANTS** NDTV's Motion to Dismiss.

## IV.

## CONCLUSION

{47}    The Court concludes that it lacks jurisdiction over Defendant NDTV and therefore, all claims against NDTV in Plaintiffs' Complaint are hereby **DISMISSED** with prejudice.

**SO ORDERED**, this the 22nd day of March, 2012.