An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-610

Filed 18 June 2025

Wake County, No. 22CVS014854-910

KENNETH L. BRYANT, BRYANT ENTERPRISES, LLC, Plaintiffs,

v.

BRYAN DONALD FIELDS, and CARSTEN JASON GALLINI, Defendants.

Appeal by defendant from order entered 22 January 2024 by Judge Vinston Rozier, Jr. in Wake County Superior Court. Heard in the Court of Appeals 25 February 2025.

> *Law Offices of John M. Kirby, PLLC, by John M. Kirby, for plaintiff-appellee.*
>
> *Stevens Martin Vaughn & Tadych, PLLC, Raleigh, by Michael J. Tadych, Hugh Stevens, and Ashley N. Fox, for defendant-appellant.*

DILLON, Chief Judge.

Plaintiff Kenneth L. Bryant is a North Carolina resident. Bryant Enterprises LLC, is owned by Mr. Bryant and is a North Carolina limited liability company with its principal place of business in the state. Mr. Bryant is an authorized Motorola radio dealer who sells and services two-way radio equipment through his LLC.

Defendant Bryan Donald Fields is a Florida resident who contacted Mr. Bryant

by telephone and through the internet about engaging Mr. Bryant's services.

Plaintiffs brought this action against Mr. Bryant for libel per se; libel per quod (in the alternative); wrongful interference with contract; tortious interference with prospective economic advantage; intentional infliction of emotional distress; unreasonable intrusion upon the seclusion of another; appropriation of another's name and likeness; and unfair and deceptive trade practice violations arising from statements and actions Mr. Bryant engaged in over the internet and at an Ohio radio convention which cast Plaintiffs in a negative light.

In this appeal, Defendant challenges the trial court's denial of his motion to dismiss for lack of personal jurisdiction. Florida resident, Defendant Fields, appeals.

## I.  Background

In February 2022, Defendant messaged Mr. Bryant over the internet for guidance and pricing for radio products and solutions. However, the interaction broke down after a few exchanges when Mr. Bryant did not provide any pricing.

In May 2022, Defendant began a campaign of attacking Mr. Bryant and his Motorola business through a series of internet posts on a Facebook Motorola group page, a page with approximately 8,300 members, who live all over the country. Through the years, Mr. Bryant has received business from Facebook group members. Defendant also set up Wiki pages and websites which mimicked Mr. Bryant's radio call sign, all to demean and attack Mr. Bryant and his business. Also, Defendant attended a radio conference in Ohio where he disseminated business cards and

stickers containing Mr. Bryant's picture, radio call sign, and company logo with a QR code which directed viewers to Defendant's websites.

## II.    Analysis

Defendant's motion to dismiss for lack of personal jurisdiction is an interlocutory order because Plaintiff's claims against Defendant remain pending. We, however, have appellate jurisdiction over this appeal by virtue of N.C.G.S. § 1-277(b), which provides "the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant[.]"

We apply a "two-step analysis" to determine whether North Carolina has jurisdiction over an out-of-state defendant:  "First, the transaction must fall within the language of [our] long-arm statute.  Second, the exercise of jurisdiction must not violate the due process clause of the fourteenth amendment of the United States Constitution." *Leake v. AutoMoney, Inc.*, 284 N.C. App. 389, 397 (2022).

Here, Defendant concedes the first prong, that our State's long-arm statute applies.  On appeal, Defendant only challenges the trial court's determination that North Carolina's jurisdiction over him in this matter comports with the Due Process Clause in the federal constitution.

The Due Process prong of the personal jurisdiction analysis is satisfied when there are "sufficient 'minimum contacts' between the nonresident defendant and [North Carolina] 'such that the maintenance of the suit does not offend traditional

notions of fair play and substantial justice." ' *Skinner v. Preferred Credit*, 361 N.C. 114, 122 (2006) (quotation omitted). Minimum contacts are established through a defendant's purposeful availment of the "privilege of conducting activities within [North Carolina], thus invoking the benefits and protections of its laws." *Beem USA LLP v. Grax Consulting, LLC*, 373 N.C. 297, 303 (2020) (quotation omitted). The United States Supreme Court emphasizes the "nature and extent of 'the defendant's relationship to the forum State.'" *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 357 (2021). We note that it is the plaintiff who carries the burden to prove a defendant's intentional conduct to reach out to the forum state. *Mucha v. Wagner*, 378 N.C. 167, 171 (2021).

Personal jurisdiction under the Due Process Clause confers general or specific jurisdiction over a nonresident defendant. *Skinner*, 361 N.C. at 122 (citation omitted). This matter involves a question of whether North Carolina has specific jurisdiction, concerning Defendant's contacts with North Carolina relating to the cause of action. *Id.* When the issue involves specific jurisdiction, this Court focuses on "the relationship among the defendant, this State, and the cause of action." *Tom Togs, Inc. v. Ben Elias Indus. Corp.*, 318 N.C. 361, 366 (1986).

The trial court's findings, supported by the evidence, show as follows: Plaintiff is a North Carolina resident whose business (the LLC Plaintiff) has its place of business entirely in North Carolina. A substantial portion of Plaintiffs' customers are in North Carolina, including state and local government agencies. Defendant

reached out to Plaintiff, while Plaintiff was in North Carolina, by telephone and internet messaging on several occasions. Defendant posted content on the internet. Though the content was accessible worldwide, the content was designed to dissuade Plaintiff's current customers from continuing to engage in business with Plaintiff. Defendant falsely posted that Plaintiff's license to sell and service Motorola products had been revoked. Defendant engaged in other activities posing as Plaintiff as outlined in the record.

We have recognized that "[t]he internet presents unique considerations when it comes to issues of personal jurisdiction." *Dailey v. Popma*, 191 N.C. App. 64, 65 (2008). In *Dailey*, we adopted a test as posited in by the Fourth Circuit Court of Appeals in *Young v. New Haven Advocate*, requiring a determination as to whether the nonresident defendant manifested an intent to direct his internet actions and content to the forum state's audience. *Dailey*, 191 N.C. App. at 71.

After careful review of the record and relevant case law, we conclude the trial court did not err in denying Defendant's motion to dismiss. While posting negative content on the internet from out-of-state about a North Carolina company might not be sufficient to establish minimum contacts, Defendant here engaged in much greater activity, specifically designed to target Plaintiff's customer base, a substantial number of whom are in North Carolina. Defendant created content posing as Plaintiff's North Carolina business designed to drive traffic away from Plaintiff's website to Defendant's websites. Defendant created fake business cards purportedly

representing himself as Plaintiff and Plaintiff's North Carolina business.  In sum, the quantity and the quality of Defendant's out-of-state actions were sufficient to invoke North Carolina's jurisdiction.

AFFIRMED.

Judges HAMPSON and GORE concur.

Report per Rule 30(e).