ELIZABETH D. LESSARD, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF DENISE RENEE LESSARD v. LOUIS RAYMOND LESSARD

No. 8326DC762

(Filed 5 June 1984)

1. **Courts § 2— jurisdiction in action to forfeit defendant's right to a share of deceased daughter's estate properly found**

   In an action brought to forfeit defendant's right to a share of his deceased daughter's estate, the court properly found jurisdiction pursuant to G.S. 1-75.8(1) where the estate of the defendant's deceased daughter was personal property in this state and the relief demanded was to exclude the defendant from any interest in the property, and where no question was raised as to service pursuant to G.S. 1A-1, Rule 4(k).

2. **Divorce and Alimony § 19.1— no jurisdiction in an action for money judgment for arrearages in alimony and child support or to modify alimony decree**

   A district court in Mecklenburg County had no jurisdiction in an action for money judgments for arrearages in alimony and child support and to modify an alimony decree because of a change in circumstances where there was a judgment in Cumberland County as to these matters.

APPEAL by defendant from *Todd, Judge.* Judgment entered 11 March 1983 in District Court, MECKLENBURG County. Heard in the Court of Appeals 1 May 1984.

The plaintiff instituted this action pursuant to G.S. 31A-2 to forfeit any right the defendant has to the estate of his deceased

daughter who was a resident of North Carolina. The defendant is a resident of Georgia and was served with a summons and complaint in that state. The plaintiff amended her complaint to allege a second cause of action based on a consent judgment for alimony and child support that had been entered between the parties in Cumberland County. She prayed for money judgments for accrued alimony and child support based on the Cumberland County judgment and an increase in alimony based on a change in circumstances.

The defendant moved to dismiss all claims. The court overruled the defendant's motion to dismiss. The defendant filed an answer and the court, after a hearing, entered a money judgment against defendant for the accrued support payments. It modified the Cumberland County judgment and ordered the defendant to pay $100.00 per month as alimony.

The defendant appealed.

*Erwin and Beddow, by Fenton T. Erwin, Jr., for plaintiff-appellee.*

*Curtis, Millsaps & Chesson, by Joe T. Millsaps, for defendant-appellant.*

HILL, Judge.

[1] The defendant assigns error to the denial of his motion to dismiss all claims. As to the action to forfeit defendant's right to a share of his deceased daughter's estate, he contends the court does not have jurisdiction through service of process on him. G.S. 1-75.8 provides in part:

"A court of this State having jurisdiction of the subject matter may exercise jurisdiction in rem or quasi in rem on the grounds stated in this section. A judgment in rem or quasi in rem may affect the interests of a defendant in a status, property or thing acted upon only if process has been served upon the defendant pursuant to Rule 4(k) of the Rules of Civil Procedure. Jurisdiction in rem or quasi in rem may be invoked in any of the following cases:

(1) When the subject of the action is real or personal property in this State and the defendant has or claims any lien or

interest therein, or the relief demanded consists wholly or partially in excluding the defendant from any interest or lien therein. This subdivision shall apply whether any such defendant is known or unknown."

The estate of the defendant's deceased daughter is personal property in this State and the relief demanded is to exclude the defendant from any interest in this property. No question has been raised as to service pursuant to Rule 4(k). This brings this action within the provisions of G.S. 1-75.8(1) and gives the court jurisdiction.

The defendant also contends the complaint shows on its face that he has not abandoned his children. He says this is so because it is alleged in the complaint that his support payments did not stop until May 1981 and this shows he has substantially complied with the court order for support. He argues that for this reason, the action should be dismissed under G.S. 1A-1, Rule 12(b)(6). We do not believe that from the allegations in the complaint that it clearly appears that plaintiff can prove no set of facts which will entitle her to relief. For this reason the action should not have been dismissed under G.S. 1A-1, Rule 12(b)(6). *See F.D.I.C. v. Loft Apartments*, 39 N.C. App. 473, 250 S.E. 2d 693, *disc. rev. denied*, 297 N.C. 176, 254 S.E. 2d 39 (1979). The motion to dismiss as to the first claim was properly denied.

[2]   As to the defendant's motion to dismiss the action for money judgments for arrearages in alimony and child support and to modify the alimony decree because of a change in circumstances, we hold it was error not to grant this motion. There is a judgment in Cumberland County as to these matters. The District Court of Mecklenburg County has no jurisdiction as to them. *See Tate v. Tate*, 9 N.C. App. 681, 177 S.E. 2d 455 (1970).

Affirmed in part; reversed and remanded in part.

Judges WEBB and WHICHARD concur.