TIMOTHY HAVEY AND MARILYN SOMMERS, PLAINTIFFS v. MARK VALENTINE, YELLOW ROADWAY CORPORATION AND YELLOW TRANSPORTATION, INC., DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. STAHLER FURNITURE COMPANY, THIRD-PARTY DEFENDANT

No. COA04-1298

(Filed 16 August 2005)

**Jurisdiction— specific personal—general personal—motion to dismiss—minimum contacts—passive website**

The trial court erred in a negligence, negligent misrepresentation, and breach of contract case by denying nonresident third-party defendant's (TPD) motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(2) based on lack of personal jurisdiction even though defendant contends TPD holds itself out as a seller of furniture to residents of North Carolina (NC) through the use of its website and catalog, because: (1) the website is passive since it does not specifically target NC residents, does not allow viewers to purchase furniture directly from the website, and merely provides information to the viewer; (2) TPD has not purposefully availed itself of the privilege of conducting activities in this state when all of the contract negotiations occurred outside of NC and third-party defendant does not have any significant contacts with NC; (3) a single shipment of goods to a state may not be the basis for personal jurisdiction if the exercise of personal jurisdiction would not be fair, reasonable, and would not comport with traditional notions of fair play and substantial justice; (4) specific jurisdiction does not exist in this case when, although plaintiff was injured in NC and the furniture was shipped to NC, the key facts surrounding the third-party complaint occurred in Vermont, plaintiffs went to Vermont to purchase the furniture, and TPD had essentially no contact with the State of NC over the past ten years; and (5) there was no general personal jurisdiction when TPD was not licensed to do business in NC, does not own any real or personal property located in this state, does not advertise here, has a passive informational website that anyone in the United States may access, and did not solicit any customers in NC but instead NC plaintiffs went to TPD's store in Vermont.

Appeal by third-party defendant from an order entered 24 August 2004 by Judge Howard E. Manning, Jr. in Wake County Superior Court. Heard in the Court of Appeals 20 April 2005.

HAVEY v. VALENTINE

[172 N.C. App. 812 (2005)]

*Smyth & Cioffi, L.L.P., by Andrew P. Cioffi, for plaintiff-appellees.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by J. Matthew Little and Robert M. Tatum, for defendants/third-party plaintiff-appellees.*

*Cranfill, Sumner & Hartzog, L.L.P., by F. Marshall Wall and Kari R. Johnson, for third-party defendant-appellant.*

HUNTER, Judge.

Third-party defendant, Stahler Furniture Company ("Stahler Furniture"), appeals the trial court's order denying its motion to dismiss for lack of personal jurisdiction. After careful review, we reverse the order below.

The record tends to indicate the following: Stahler Furniture is a Vermont corporation located in Lyndonville, Vermont. Timothy Havey ("Havey") and Marilyn Sommers ("Sommers") (collectively "plaintiffs") are North Carolina residents. On or about 22 July 2003, plaintiffs visited the Stahler Furniture store in Vermont and purchased a corner cabinet and an end table. Stahler Furniture contracted with defendants and third-party plaintiffs, Yellow Transportation, Inc. ("Yellow Transportation"), an Indiana corporation, to transport the furniture to plaintiffs' residence in North Carolina from Stahler Furniture's business facility in Lyndonville, Vermont.

Specifically, on or about 10 November 2003, Stahler Furniture contracted with Yellow Transportation to deliver an end table and corner cabinet to plaintiffs' home in Raleigh, North Carolina. Defendant Mark Valentine ("Valentine") was the truck driver. On 14 November 2003, Valentine arrived at plaintiffs' home. According to plaintiffs' complaint, as Valentine was unloading a crate containing a piece of furniture from the tractor-trailer, Valentine pushed the crate out of the truck "in an unsafe and dangerous manner causing it to fall on and permanently injure" Havey.

On 12 March 2004, Havey and Sommers filed a complaint against Valentine and Yellow Transportation alleging negligence. Defendants answered and filed a third-party complaint against Stahler Furniture alleging negligence, negligent misrepresentation, and breach of contract. Stahler Furniture filed a N.C. Gen. Stat. § 1A-1, Rule 12(b)(2) motion to dismiss the third-party complaint for lack of personal jurisdiction. On 24 August 2004, the trial court denied Stahler Furniture's motion. Stahler Furniture appeals.

" 'The standard of review of an order determining jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court.' " *Tejal Vyas, LLC v. Carriage Park Ltd. P'ship*, 166 N.C. App. 34, 37, 600 S.E.2d 881, 884 (2004) (quoting *Better Business Forms, Inc. v. Davis*, 120 N.C. App. 498, 500, 462 S.E.2d 832, 833 (1995)), *per curiam affirmed*, 359 N.C. 315, 608 S.E.2d 751 (2005). In this case, however, the trial court made no findings of fact. "Where no findings are made, proper findings are presumed, and our role on appeal is to review the record for competent evidence to support these presumed findings." *Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 615, 532 S.E.2d 215, 217-18, *appeal dismissed and disc. review denied*, 353 N.C. 261, 546 S.E.2d 90 (2000).

Our Supreme Court has held that

a two-step analysis must be employed to determine whether a non-resident defendant is subject to the *in personam* jurisdiction of our courts. First, the transaction must fall within the language of the State's "long-arm" statute. Second, the exercise of jurisdiction must not violate the due process clause of the fourteenth amendment to the United States Constitution.

*Tom Togs, Inc. v. Ben Elias Industries Corp.*, 318 N.C. 361, 364, 348 S.E.2d 782, 785 (1986) (citation omitted). For purposes of this appeal, neither party disputes that North Carolina's long-arm statute applies to the facts of this case. Thus, our inquiry focuses upon whether the exercise of personal jurisdiction would violate the due process clause of the Fourteenth Amendment to the United States Constitution.

To comply with due process, there must be minimum contacts between the non-resident defendant and the forum so that allowing the suit does not offend traditional notions of fair play and substantial justice. *Id.* at 365, 348 S.E.2d at 786 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945)).

[T]here must be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws; the unilateral activity within the forum state of others who claim some relationship with a non-resident defendant will not suffice.

*Id.*

"When a controversy is related to or 'arises out of' a defendant's contacts with the forum, the [United States Supreme] Court has said that a 'relationship among the defendant, the forum, and the litigation' is the essential foundation of in personam jurisdiction." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414, 80 L. Ed. 2d 404, 411 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204, 53 L. Ed. 2d 683[, 698] (1977)). This type of personal jurisdiction has been characterized as specific jurisdiction. *Id.* at 414 n.8, 80 L. Ed. 2d at 411 n.8. When the suit does not arise out of a defendant's activities in the forum state, personal jurisdiction is present when there are sufficient contacts between the state and the defendant. *Id.* at 414, 80 L. Ed. 2d at 411. This type of personal jurisdiction has been characterized as "general jurisdiction." *Id.* at 414 n.9, 80 L. Ed. 2d at 411 n.9.

## A. Specific Jurisdiction

" 'Specific jurisdiction exists if the defendant has purposely directed its activities toward the resident of the forum and the cause of action relates to such activities.' " *Wyatt v. Walt Disney World Co.*, 151 N.C. App. 158, 165, 565 S.E.2d 705, 710 (2002) (quoting *Frisella v. Transoceanic Cable Ship Co.*, 181 F. Supp. 2d 644, 647 (E.D.La. 2002)). To determine whether it may assert specific jurisdiction over a defendant, the court considers "(1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.' " *ALS Scan, Inc. v. Digital Service Consultants*, 293 F.3d 707, 712 (4th Cir. 2002) (citation omitted), *cert. denied*, 537 U.S. 1105, 154 L. Ed. 2d 773 (2003). When specific jurisdiction exists, "a defendant has 'fair warning' that he may be sued in a state for injuries arising from activities that he 'purposefully directed' toward that state's residents." *Tom Togs, Inc.*, 318 N.C. at 366, 348 S.E.2d at 786.

(1) Purposeful Availment

Purposeful availment is shown "if the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Although contacts that are "isolated" or "sporadic" may support specific jurisdiction if they create a "substantial connection" with the forum, the contacts must be more than random, fortuitous, or attenuated. *Burger King Corp. v. Rudzewicz*, 471 U.S.

462, 472-75, 85 L. Ed. 2d 528, 540-42 (1985). Furthermore, it is not required that a defendant be physically present within the forum, provided its efforts are purposefully directed toward forum residents. *Id.* at 476, 85 L. Ed. 2d at 543.

The record indicates that Stahler Furniture is a Vermont corporation with one retail location in Lyndonville, Vermont. Stahler Furniture is not licensed or registered to do business in North Carolina. Stahler Furniture neither has any employees in North Carolina, nor does it have any real or personal property in this state. Stahler Furniture has not shipped more than one or two other pieces of furniture to North Carolina in the last ten years.

On or about 22 July 2003, plaintiffs went to Stahler Furniture's store in Lyndonville, Vermont, and purchased two pieces of furniture. The furniture was completely paid for by plaintiffs in Vermont on or about 22 July 2003. Stahler Furniture and Yellow Transportation, an Indiana corporation, entered into a contract for Yellow Transportation to deliver plaintiffs' furniture to North Carolina. The contract negotiations and the contract execution between Stahler Furniture and Yellow Transportation did not occur in North Carolina. Yellow Transportation picked up the furniture for delivery in Lyndonville, Vermont. The description and weight of the property to be delivered were given to Yellow Transportation by Stahler Furniture in Vermont. While attempting to deliver the furniture in North Carolina, Valentine, an employee of Yellow Transportation, dropped a furniture crate onto Havey. No employees or representatives of Stahler Furniture were present at the scene of the delivery accident.

Stahler Furniture does not advertise in North Carolina. However, Stahler Furniture does have an Internet website. Yellow Transportation argues that because "Stahler [Furniture], through the use of its website and catalog, holds itself out as a seller of furniture to residents of North Carolina[,] . . . [it has] deliberately availed itself of the privilege of conducting business in North Carolina as well as the protection of the laws of North Carolina."

In *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, the United States Court of Appeals for the Fourth Circuit delineated the following rule for determining whether an Internet website can be the basis of an exercise of personal jurisdiction by a court.

[A] State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1)

directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts. Under this standard, a person who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted and received. Such passive Internet activity does not generally include directing electronic activity into the State with the manifested intent of engaging business or other interactions in the State thus creating in a person within the State a potential cause of action cognizable in courts located in the State.

*Id.* at 714. "When a website is neither merely passive nor highly interactive, the exercise of jurisdiction is determined 'by examining the level of interactivity and commercial nature of the exchange of information that occurs.'" *Carefirst of Maryland v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 400 (4th Cir. 2003) (quoting *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1126 (W.D.Pa. 1997)).

Stahler Furniture's website is an informational, passive website. The website provides a history of the store and its owner, a brief description of the type of furniture made by the company (i.e., types of wood), and the number of employees. The website also lists its address, phone number, and an electronic mail address through which a person could request a catalog. The website allows viewers to view samples, and states that Stahler Furniture will deliver within seventy-five miles of the store and will ship furniture throughout the United States. However, viewers cannot purchase furniture via the website and the website does not actively target North Carolina customers.

As the website in this case does not specifically target North Carolina residents, does not allow viewers to purchase furniture directly from the website, and merely provides information to the viewer, we conclude the website is passive and does not, by itself, provide a basis for an exercise of personal jurisdiction by North Carolina courts. Similarly, because (1) all of the contract negotiations occurred outside of North Carolina, and (2) Stahler Furniture does not have any significant contacts with North Carolina, we conclude Stahler Furniture has not purposefully availed itself of the privilege of conducting activities in this state.

(2) Do plaintiffs' claims arise out of activities directed at North Carolina?

Yellow Transportation has alleged Stahler Furniture breached its duty to provide Yellow Transportation with the correct weight of the furniture, and therefore, Yellow Transportation brought a negligence claim against Stahler Furniture. "[A] court may exercise specific personal jurisdiction over a nonresident defendant acting outside of the forum when the defendant has intentionally directed his tortious conduct toward the forum state, knowing that that conduct would cause harm to a forum resident." *Carefirst*, 334 F.3d at 397-98 (footnote omitted). However, as explained by the United States Court of Appeals for the Fourth Circuit, a single shipment of goods to a state may not be the basis for personal jurisdiction if the exercise of personal jurisdiction would not be fair, reasonable, and would not comport with the traditional notions of fair play and substantial justice. *See Chung v. NANA Development Corp.*, 783 F.2d 1124, 1126-27 (4th Cir.), *cert. denied*, 479 U.S. 948, 93 L. Ed. 2d 381 (1986). Moreover, "[i]t is essential that the contract relied upon have a 'substantial connection' with the forum state." *Id.* at 1128. "The significant contacts considered are those actually generated by the defendant." *Id.* at 1127.

In this case, the North Carolina residents visited the Stahler Furniture store in Vermont and purchased furniture. As a result of this purchase, Stahler Furniture shipped the furniture to plaintiffs' residence in North Carolina. All of the negotiations for the purchase of the furniture and its shipment occurred in Vermont. Moreover, Havey and Sommers initiated contact with Stahler Furniture. Nonetheless, Yellow Transportation contends Stahler Furniture was negligent because it failed to provide them with the correct weight of the furniture, and this failure caused the truck driver to use an improper unloading technique, which proximately caused Havey's injuries when the furniture fell on Havey. While Stahler Furniture did make the shipping arrangements to have the furniture shipped to North Carolina, an analysis of the entire transaction between Havey, Sommers, Stahler Furniture, and Yellow Transportation does not reveal a substantial connection to the State of North Carolina.

(3) Would an exercise of personal jurisdiction be constitutionally reasonable?

"[T]he fundamental requirement of personal jurisdiction [is]: 'deliberate action' within the forum state in the form of transactions

between the defendant and residents of the forum or conduct of the defendant purposefully directed at residents of the forum state." *Millennium Enterprises v. Millennium Music, LP*, 33 F. Supp. 2d 907, 921 (D.Or. 1999).

> In conducting this inquiry, we direct our focus to "the quality and nature of [the nonresident's] contacts." We should not "merely . . . count the contacts and quantitatively compare this case to other preceding cases. . . ."
>
> To decide whether the requisites of specific jurisdiction are satisfied in this case, it is necessary to consider how they apply to the particular circumstance in which, as here, an out-of-state defendant has acted outside of the forum in a manner that injures someone residing in the forum.

*Carefirst*, 334 F.3d at 397 (citations omitted) (quoting *Nichols v. G.D. Searle & Co.*, 783 F. Supp. 233, 238 (D.Md. 1992)).

Although Havey was injured in North Carolina and the furniture was shipped to North Carolina, the key facts surrounding Yellow Transportation's third-party complaint against Stahler Furniture occurred in Vermont. Moreover, plaintiffs went to Vermont to purchase the furniture. Through the purchase of furniture in Vermont, Stahler Furniture became contractually obligated to ship the furniture to North Carolina. Furthermore, Stahler Furniture has had essentially no contact with the State of North Carolina over the past ten years. And, as previously discussed, a passive Internet website cannot provide the *basis for an exercise of personal jurisdiction.* Considering the quantity and quality of Stahler Furniture's contacts with the State of North Carolina, we hold that specific personal jurisdiction does not exist in this case.

## B. General personal jurisdiction

The test for general jurisdiction is more stringent, as there must be " ' "continuous and systematic" contacts between [the] defendant and the forum state.' " *Bruggeman*, 138 N.C. App. at 617, 532 S.E.2d at 219 (citations omitted).

> The existence of minimum contacts cannot be ascertained by mechanical rules, but rather by consideration of the facts of each case in light of traditional notions of fair play and justice. The factors to be considered are (1) quantity of the contacts, (2) nature

and quality of the contacts, (3) the source and connection of the cause of action to the contacts, (4) the interest of the forum state, and (5) convenience to the parties.

*Marion v. Long,* 72 N.C. App. 585, 587, 325 S.E.2d 300, 302 (1985) (citations omitted).

It is unnecessary to review each of these factors individually as we have already explained that Stahler Furniture does not have minimum contacts with the State of North Carolina. Over the past ten years, Stahler Furniture has sold one or two pieces of furniture to North Carolina residents. It is not registered or licensed to do business in North Carolina. Stahler Furniture does not own any real or personal property located in this state. Stahler Furniture does not advertise here and it has a passive, informational website that anyone in the United States may access. Stahler Furniture did not solicit any customers in North Carolina; rather, the North Carolina plaintiffs in this case went to the Stahler Furniture store in Vermont and purchased the furniture. Accordingly, we conclude general personal jurisdiction does not exist in this case.

In sum, we conclude the trial court erroneously denied Stahler Furniture's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. As we have explained, neither specific personal jurisdiction nor general personal jurisdiction exists in this case. Indeed, the significant facts in this case arose in Vermont and Stahler Furniture does not have continuous and systematic contact with the State of North Carolina. As stated in *Chung,*

"the defendant's conduct and connection with the forum State [must be] . . . such that he should reasonably anticipate being haled into court there. . . ."

The focus on a defendant's own acts serves the underlying due process objective of fair notice, giving "a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit."

*Chung,* 783 F.2d at 1127 (citations omitted) (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 62 L. Ed. 2d 490[, 501] (1980)). Accordingly, we reverse the decision below.

Reversed.

Judges HUDSON and GEER concur.