IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-26

 No. COA21-317

 Filed 18 January 2022

 Guilford County, No. 20 CVS 5804

 DANIEL ALLEN CARMICHAEL, Plaintiff,

 v.

 LEO W. CORDELL, Defendant.

 Appeal by plaintiff from order entered 14 October 2020 by Judge John O. Craig,

 III, in Guilford County Superior Court. Heard in the Court of Appeals 14 December

 2021.

 Gordon Law Offices, by Harry G. Gordon, for plaintiff-appellant.

 Nelson Mullins Riley & Scarborough LLP, by Fred M. Wood, Jr., and Holland
 & Knight, LLP, by Vivian L. Thoreen and Lydia L. Lockett admitted pro hac
 vice, for defendant-appellee.

 TYSON, Judge.

¶1 Daniel Carmichael (“Plaintiff”) appeals an order by the trial court granting Leo

 Cordell’s (“Defendant”) motion to dismiss. We affirm in part, reverse in part and

 remand.

 I. Background

¶2 Defendant has been a California resident since 1954. Defendant married

 Patricia Cordell (“Decedent”) on 8 July 1961. Defendant and Decedent (the
 CARMICHAEL V. CORDELL

 2022-NCCOA-26

 Opinion of the Court

 “Cordells”), lived in California during the entirety of their marriage until Decedent

 died on 10 January 2020. The Cordells are parents of two daughters, Caroline P.

 Condon (“Ms. Condon”) and Wendy Cordell. Decedent was the mother of one son,

 Plaintiff, from a previous relationship. Plaintiff resides in North Carolina.

 Defendant has never traveled to, conducted business in, or has any other ties to or in

 North Carolina.

¶3 The Cordells acquired assets during their 58 years of marriage, which are

 purportedly classified as community property under California law. Defendant

 allegedly discovered after Decedent had died that Decedent had set up separate

 accounts for Plaintiff and made changes to certain accounts, which affected the

 disposition of their asserted community property assets. Decedent had purportedly

 removed the Cordell’s two daughters as beneficiaries on some accounts, leaving

 Plaintiff as the sole beneficiary. Decedent had also purportedly changed the address

 on the accounts to Plaintiff’s address in North Carolina.

¶4 Plaintiff claimed ownership of funds from three accounts held by Decedent

 which named him as the sole beneficiary for twenty years. On 30 April 2020,

 Defendant sent Plaintiff a letter and threatened to sue Plaintiff. Defendant claimed

 the transfers Decedent made in trust to Plaintiff should be voided because Defendant

 did not approve the changes.
 CARMICHAEL V. CORDELL

 2022-NCCOA-26

 Opinion of the Court

¶5 On 8 July 2020, Defendant sued Plaintiff in California (“CA action”).

 Defendant filed a first amended complaint against Plaintiff in the CA action for: (1)

 aiding and abetting breach of fiduciary duty; (2) elder financial abuse; (3) declaratory

 relief regarding non-probate transfers; and, (4) declaratory relief regarding transfer

 of stock. This amended complaint alleges Plaintiff unduly influenced Decedent to

 change the beneficiary designations of the accounts containing community funds and

 naming Plaintiff as the sole beneficiary of those accounts of upon Decedent’s death.

¶6 On 14 July 2020, Plaintiff filed his verified complaint as a declaratory

 judgment action, which initiated the instant litigation against Defendant in North

 Carolina (“NC Action”). This complaint was served on Defendant in California on 22

 July 2020. The NC action arises out of the same facts as alleged in Defendant’s CA

 action, and centers around actions the Decedent took in California involving the

 purported marital property and Defendant’s spousal rights and duties as California

 residents. Plaintiff amended his complaint on 11 September 2020 and added Ms.

 Condon, Defendant’s daughter, and his attorney-in-fact, as a party. The NC action

 seeks a declaratory judgment holding Plaintiff is the sole and rightful owner of the

 funds placed in trust accounts, by Decedent, for his benefit in North Carolina, yet to

 be paid to him. Plaintiff filed a motion challenging Ms. Condon’s standing and

 alleging conflicts of interest on 2 October 2020.
 CARMICHAEL V. CORDELL

 2022-NCCOA-26

 Opinion of the Court

¶7 Plaintiff also filed a petition for probate of lost will in California on 14 August

 2020. In that petition, Plaintiff sought to probate a document purported to be a

 handwritten will of Decedent dated 24 October 2003, along with a document

 purported to be a handwritten codicil dated 10 July 2011.

¶8 Defendant filed his motion to dismiss for lack of personal jurisdiction.

 Defendant’s motion was granted in the superior court on 12 October 2020. Plaintiff

 appeals.

 II. Jurisdiction

¶9 This appeal is properly before this Court pursuant to N.C. Gen. Stat. §§ 7A-

 27(b)(1) and 1-277(b) (2021).

 III. Issues

¶ 10 Plaintiff challenges whether the trial court erred: (1) by granting Defendant’s

 motion to dismiss for lack of personal jurisdiction; (2) by not finding North Carolina

 possesses in rem jurisdiction over the property and proceeds; and, (3) in failing to

 rule on Plaintiff’s motion challenging the standing of Caroline Condon and asserted

 conflicts of interest.

 IV. Argument

 A. Personal Jurisdiction

 1. In Personam

¶ 11 “Once jurisdiction is challenged, plaintiff has the burden of proving prima facie
 CARMICHAEL V. CORDELL

 2022-NCCOA-26

 Opinion of the Court

 that a statutory basis for jurisdiction exists.” Williams v. Institute for Computational

 Studies, 85 N.C. App. 421, 424, 355 S.E.2d 177, 179 (1987). For North Carolina courts

 to exercise in personam jurisdiction over a nonresident defendant, there is a two-part

 test: “first, the court must have jurisdiction over the person of defendant under our

 State’s long-arm statute, and second, the exercise of jurisdiction must not violate the

 due process clause of the fourteenth amendment of the United States Constitution.”

 Id. (internal quotation marks omitted).

 A court of this State having jurisdiction of the subject
 matter has jurisdiction over a person

 (1) Local Presence or Status.--In any action, whether the
 claim arises within or without this State, in which a claim
 is asserted against a party who when service of process is
 made upon such party:

 ....

 d. Is engaged in substantial activity within this State,
 whether such activity is wholly interstate, intrastate, or
 otherwise.

 N.C. Gen. Stat. § 1-75.4(1)(d) (2021) (emphasis supplied).

¶ 12 “The Due Process Clause of the Fourteenth Amendment operates to limit the

 power of a State to assert in personam jurisdiction over a nonresident defendant.”

 Beem USA Ltd.-Liab. Ltd. P’ship v. Grax Consulting LLC, 373 N.C. 297, 302, 838

 S.E.2d 158, 161-62 (2020) (citations omitted). For North Carolina courts to assert

 jurisdiction the due process requirements must be satisfied. The primary concern of
 CARMICHAEL V. CORDELL

 2022-NCCOA-26

 Opinion of the Court

 the Due Process Clause as it relates to a court’s jurisdiction over a nonresident

 defendant is the protection of an individual’s liberty interest in not being subject to

 the binding judgments of a forum with which he has established no meaningful

 contacts, ties, or relations.” Id. at 302, 838 S.E.2d. at 162 (citations and internal

 quotation marks omitted).

 The United States Supreme Court has made [it] clear that
 the Due Process Clause permits state courts to exercise
 personal jurisdiction over an out-of-state defendant so long
 as the defendant has certain minimum contacts with [the
 forum state] such that the maintenance of the suit does not
 offend traditional notions of fair play and substantial
 justice.

 Id.

¶ 13 “Specific jurisdiction exists if the defendant has purposely directed its

 activities toward the resident of the forum and the cause of action relates to such

 activities.” Havey v. Valentine, 172 N.C. App. 812, 815, 616 S.E.2d 642, 646 (2005)

 (citations and internal quotation marks omitted). “[T]he court considers (1) the

 extent to which the defendant purposefully availed itself of the privilege of conducting

 activities in the State; (2) whether the plaintiffs’ claims arise out of those activities

 directed at the State; and (3) whether the exercise of personal jurisdiction would be

 constitutionally reasonable.” Id. at 815, 616 S.E.2d at 647 (alterations, citations and

 quotation marks omitted).

¶ 14 “Purposeful availment is shown if the defendant has taken deliberate action
 CARMICHAEL V. CORDELL

 2022-NCCOA-26

 Opinion of the Court

 within the forum state or if he has created continuing obligations to forum residents.”

 Id. “[C]ontacts that are isolated or sporadic may support specific jurisdiction if they

 create a substantial connection with the forum, the contacts must be more than

 random, fortuitous, or attenuated.” Id. (citation and internal quotation marks

 omitted).

¶ 15 Here, Defendant has never been to North Carolina, he has never conducted

 any business in North Carolina, and except for his relationship with Plaintiff, he has

 no other known ties to North Carolina. Defendant has not purposely availed himself

 of conducting activities in North Carolina sufficient to justify him being haled into a

 court of this State under in personam jurisdiction. Assertion of in personam

 jurisdiction over Defendant is unreasonable because he has no contacts with this

 forum. This portion of the trial court’s order is affirmed.

 2. In Rem

¶ 16 Plaintiff argues Defendant may be haled into North Carolina courts based

 upon in rem jurisdiction. Assertions of in rem and quasi in rem actions should be

 evaluated in accordance with the minimum contacts standard. See Ellison v. Ellison,

 242 N.C. App. 386, 390, 776 S.E.2d 522, 525-26 (2015) (stating the defendant and

 State must possess minimum contacts so the jurisdiction does not offend “traditional

 notions of fair play and substantial justice”).

 Jurisdiction in rem or quasi in rem may be invoked in any
 CARMICHAEL V. CORDELL

 2022-NCCOA-26

 Opinion of the Court

 of the following cases:

 (1) When the subject of the action is real or personal
 property in this State and the defendant has or claims any
 lien or interest therein, or the relief demanded consists
 wholly or partially in excluding the defendant from any
 interest or lien therein. This subdivision shall apply
 whether any such defendant is known or unknown.

 N.C. Gen. Stat. § 1-75.8 (2021).

¶ 17 In Lessard v. Lessard this Court held:

 The estate of the defendant’s deceased daughter is personal
 property in this State and the relief demanded is to exclude
 the defendant from any interest in this property.

 68 N.C. App. 760, 762, 316 S.E.2d 96, 97 (1984).

¶ 18 This Court further held in Ellison, “[t]he relief sought in the present action,

 like in Lessard, is to exclude [d]efendant from any interest in property located in

 North Carolina. When the subject matter of the controversy is property located in

 North Carolina, the constitutional requisites for jurisdiction will generally be met.”

 Ellison, 242 N.C. App. at 391, 776 S.E.2d at 526.

¶ 19 Here, Defendant initiated the controversy by threatening to sue Plaintiff by

 claiming an interest in the accounts in North Carolina. Defendant essentially

 reached into North Carolina to claim the property being held within this state by a

 citizen of this state. Plaintiff responded by filing a declaratory judgment to bar

 Defendant from taking an interest in the accounts in North Carolina. Defendant

 challenges and asserts a superior interest in the property purportedly owned by a
 CARMICHAEL V. CORDELL

 2022-NCCOA-26

 Opinion of the Court

 person, who is located in and is a citizen of North Carolina. Plaintiff’s complaint

 demands relief which excludes Defendant from property within North Carolina. This

 is sufficient and reasonable to establish the in rem jurisdiction of North Carolina

 courts for Plaintiff’s declaratory action over funds and accounts held in North

 Carolina.

 B. Standing of Ms. Condon

 1. Standard of Review

¶ 20 “It is well established that where matters are left to the discretion of the trial

 court, appellate review is limited to a determination of whether there was a clear

 abuse of discretion.” White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

 2. Analysis

¶ 21 Plaintiff argues the trial court erred by declining to hear Plaintiff’s Motion

 Challenging the Standing of Caroline Patricia Condon and Finding Conflicts of

 Interest (“Plaintiff’s Motion”) and instead of granting Defendant’s Motion to Dismiss

 for lack of jurisdiction.

¶ 22 Prior to the hearing, the trial judge emailed counsel for Plaintiff and Defendant

 and stated: “I do not need to address [Plaintiff counsel’s] additional motion. . . . you

 can cite the G.S. Sec. 32C-2-212, as well as the fact that even though the objection

 was served more than five days before, it was not calendared with my TCC and the

 court received no notice of it until the day of the hearing.” N.C. Gen. Stat. § 32C-2-
 CARMICHAEL V. CORDELL

 2022-NCCOA-26

 Opinion of the Court

 212 (2021) permits a power of attorney to “assert and maintain before a court . . . an

 action to recover property or other thing of value.”

¶ 23 Plaintiff amended his complaint to include Ms. Condon as a party and made

 allegations asserting her power of attorney and her “total control” over Defendant.

 In his discretion, the trial judge determined Plaintiff failed to comply with the

 motion’s prior notice and calendaring requirements to bar Ms. Condon’s standing or

 find conflict of interest. The trial judge acted within his authority. Plaintiff’s

 argument fails to show any abuse of that discretion and is overruled.

 V. Conclusion

¶ 24 The trial court properly ruled assertion of personal jurisdiction over Defendant

 is unreasonable because he has no contacts with this forum. Plaintiff’s interest in

 the bank accounts and funds located in North Carolina permits the courts of this

 State to exercise in rem jurisdiction over his declaratory judgment action to address

 his claims. The trial court did not err in refusing to hear Plaintiff’s arguments

 concerning Caroline Condon’s standing and asserted conflicts of interest. We affirm

 in part, reverse in part, and remand for further proceedings.

 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

 Judges Carpenter and Gore concur.