IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-26

No. COA21-317

Filed 18 January 2022

Guilford County, No. 20 CVS 5804

DANIEL ALLEN CARMICHAEL, Plaintiff,

v.

LEO W. CORDELL, Defendant.

Appeal by plaintiff from order entered 14 October 2020 by Judge John O. Craig, III, in Guilford County Superior Court. Heard in the Court of Appeals 14 December 2021.

*Gordon Law Offices, by Harry G. Gordon, for plaintiff-appellant.*

*Nelson Mullins Riley & Scarborough LLP, by Fred M. Wood, Jr., and Holland & Knight, LLP, by Vivian L. Thoreen and Lydia L. Lockett admitted pro hac vice, for defendant-appellee.*

TYSON, Judge.

¶ 1    Daniel Carmichael ("Plaintiff") appeals an order by the trial court granting Leo Cordell's ("Defendant") motion to dismiss. We affirm in part, reverse in part and remand.

## I.    Background

¶ 2    Defendant has been a California resident since 1954. Defendant married Patricia Cordell ("Decedent") on 8 July 1961. Defendant and Decedent (the

"Cordells"), lived in California during the entirety of their marriage until Decedent died on 10 January 2020. The Cordells are parents of two daughters, Caroline P. Condon ("Ms. Condon") and Wendy Cordell. Decedent was the mother of one son, Plaintiff, from a previous relationship. Plaintiff resides in North Carolina. Defendant has never traveled to, conducted business in, or has any other ties to or in North Carolina.

¶ 3        The Cordells acquired assets during their 58 years of marriage, which are purportedly classified as community property under California law. Defendant allegedly discovered after Decedent had died that Decedent had set up separate accounts for Plaintiff and made changes to certain accounts, which affected the disposition of their asserted community property assets. Decedent had purportedly removed the Cordell's two daughters as beneficiaries on some accounts, leaving Plaintiff as the sole beneficiary. Decedent had also purportedly changed the address on the accounts to Plaintiff's address in North Carolina.

¶ 4        Plaintiff claimed ownership of funds from three accounts held by Decedent which named him as the sole beneficiary for twenty years. On 30 April 2020, Defendant sent Plaintiff a letter and threatened to sue Plaintiff. Defendant claimed the transfers Decedent made in trust to Plaintiff should be voided because Defendant did not approve the changes.

¶ 5        On 8 July 2020, Defendant sued Plaintiff in California ("CA action"). Defendant filed a first amended complaint against Plaintiff in the CA action for: (1) aiding and abetting breach of fiduciary duty; (2) elder financial abuse; (3) declaratory relief regarding non-probate transfers; and, (4) declaratory relief regarding transfer of stock. This amended complaint alleges Plaintiff unduly influenced Decedent to change the beneficiary designations of the accounts containing community funds and naming Plaintiff as the sole beneficiary of those accounts upon Decedent's death.

¶ 6        On 14 July 2020, Plaintiff filed his verified complaint as a declaratory judgment action, which initiated the instant litigation against Defendant in North Carolina ("NC Action"). This complaint was served on Defendant in California on 22 July 2020. The NC action arises out of the same facts as alleged in Defendant's CA action, and centers around actions the Decedent took in California involving the purported marital property and Defendant's spousal rights and duties as California residents. Plaintiff amended his complaint on 11 September 2020 and added Ms. Condon, Defendant's daughter, and his attorney-in-fact, as a party. The NC action seeks a declaratory judgment holding Plaintiff is the sole and rightful owner of the funds placed in trust accounts, by Decedent, for his benefit in North Carolina, yet to be paid to him. Plaintiff filed a motion challenging Ms. Condon's standing and alleging conflicts of interest on 2 October 2020.

Plaintiff also filed a petition for probate of lost will in California on 14 August 2020. In that petition, Plaintiff sought to probate a document purported to be a handwritten will of Decedent dated 24 October 2003, along with a document purported to be a handwritten codicil dated 10 July 2011.

Defendant filed his motion to dismiss for lack of personal jurisdiction. Defendant's motion was granted in the superior court on 12 October 2020. Plaintiff appeals.

## II.     Jurisdiction

This appeal is properly before this Court pursuant to N.C. Gen. Stat. §§ 7A-27(b)(1) and 1-277(b) (2021).

## III.     Issues

Plaintiff challenges whether the trial court erred: (1) by granting Defendant's motion to dismiss for lack of personal jurisdiction; (2) by not finding North Carolina possesses *in rem* jurisdiction over the property and proceeds; and, (3) in failing to rule on Plaintiff's motion challenging the standing of Caroline Condon and asserted conflicts of interest.

## IV.     Argument

### A. Personal Jurisdiction

#### 1. *In Personam*

"Once jurisdiction is challenged, plaintiff has the burden of proving *prima facie*

that a statutory basis for jurisdiction exists." *Williams v. Institute for Computational Studies,* 85 N.C. App. 421, 424, 355 S.E.2d 177, 179 (1987). For North Carolina courts to exercise *in personam* jurisdiction over a nonresident defendant, there is a two-part test: "first, the court must have jurisdiction over the person of defendant under our State's long-arm statute, and second, the exercise of jurisdiction must not violate the due process clause of the fourteenth amendment of the United States Constitution." *Id*. (internal quotation marks omitted).

> A court of this State having jurisdiction of the subject matter has jurisdiction over a person
>
> (1) Local Presence or Status.--In any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party:
>
>  . . . .
>
> d. Is engaged in substantial activity within this State, whether such activity is wholly *interstate*, *intrastate*, or *otherwise*.

N.C. Gen. Stat. § 1-75.4(1)(d) (2021) (emphasis supplied).

¶ 12    "The Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to assert *in personam* jurisdiction over a nonresident defendant." *Beem USA Ltd.-Liab. Ltd. P'ship v. Grax Consulting LLC*, 373 N.C. 297, 302, 838 S.E.2d 158, 161-62 (2020) (citations omitted). For North Carolina courts to assert jurisdiction the due process requirements must be satisfied. The primary concern of

the Due Process Clause as it relates to a court's jurisdiction over a nonresident

defendant is the protection of an individual's liberty interest in not being subject to

the binding judgments of a forum with which he has established no meaningful

contacts, ties, or relations." *Id.* at 302, 838 S.E.2d. at 162 (citations and internal

quotation marks omitted).

> The United States Supreme Court has made [it] clear that
> the Due Process Clause permits state courts to exercise
> personal jurisdiction over an out-of-state defendant so long
> as the defendant has certain minimum contacts with [the
> forum state] such that the maintenance of the suit does not
> offend traditional notions of fair play and substantial
> justice.

*Id.*

"Specific jurisdiction exists if the defendant has purposely directed its

activities toward the resident of the forum and the cause of action relates to such

activities." *Havey v. Valentine*, 172 N.C. App. 812, 815, 616 S.E.2d 642, 646 (2005)

(citations and internal quotation marks omitted). "[T]he court considers (1) the

extent to which the defendant purposefully availed itself of the privilege of conducting

activities in the State; (2) whether the plaintiffs' claims arise out of those activities

directed at the State; and (3) whether the exercise of personal jurisdiction would be

constitutionally reasonable." *Id.* at 815, 616 S.E.2d at 647 (alterations, citations and

quotation marks omitted).

"Purposeful availment is shown if the defendant has taken deliberate action

within the forum state or if he has created continuing obligations to forum residents." *Id*. "[C]ontacts that are isolated or sporadic may support specific jurisdiction if they create a substantial connection with the forum, the contacts must be more than random, fortuitous, or attenuated." *Id*. (citation and internal quotation marks omitted).

Here, Defendant has never been to North Carolina, he has never conducted any business in North Carolina, and except for his relationship with Plaintiff, he has no other known ties to North Carolina. Defendant has not purposely availed himself of conducting activities in North Carolina sufficient to justify him being haled into a court of this State under *in personam* jurisdiction. Assertion of *in personam* jurisdiction over Defendant is unreasonable because he has no contacts with this forum. This portion of the trial court's order is affirmed.

## *2. In Rem*

Plaintiff argues Defendant may be haled into North Carolina courts based upon *in rem* jurisdiction. Assertions of *in rem* and *quasi in rem* actions should be evaluated in accordance with the minimum contacts standard. *See Ellison v. Ellison*, 242 N.C. App. 386, 390, 776 S.E.2d 522, 525-26 (2015) (stating the defendant and State must possess minimum contacts so the jurisdiction does not offend "traditional notions of fair play and substantial justice").

Jurisdiction in rem or quasi in rem may be invoked in any

of the following cases:

> (1) When the subject of the action is real or personal property in this State and the defendant has or claims any lien or interest therein, or the relief demanded consists wholly or partially in excluding the defendant from any interest or lien therein. This subdivision shall apply whether any such defendant is known or unknown.

N.C. Gen. Stat. § 1-75.8 (2021).

¶ 17      In *Lessard v. Lessard* this Court held:

> The estate of the defendant's deceased daughter is personal property in this State and the relief demanded is to exclude the defendant from any interest in this property.

68 N.C. App. 760, 762, 316 S.E.2d 96, 97 (1984).

¶ 18      This Court further held in *Ellison*, "[t]he relief sought in the present action, like in *Lessard*, is to exclude [d]efendant from any interest in property located in North Carolina.  When the subject matter of the controversy is property located in North Carolina, the constitutional requisites for jurisdiction will generally be met." *Ellison*, 242 N.C. App. at 391, 776 S.E.2d at 526.

¶ 19      Here, Defendant initiated the controversy by threatening to sue Plaintiff by claiming an interest in the accounts in North Carolina.  Defendant essentially reached into North Carolina to claim the property being held within this state by a citizen of this state.  Plaintiff responded by filing a declaratory judgment to bar Defendant from taking an interest in the accounts in North Carolina.  Defendant challenges and asserts a superior interest in the property purportedly owned by a

person, who is located in and is a citizen of North Carolina. Plaintiff's complaint demands relief which excludes Defendant from property within North Carolina. This is sufficient and reasonable to establish the *in rem* jurisdiction of North Carolina courts for Plaintiff's declaratory action over funds and accounts held in North Carolina.

### B. Standing of Ms. Condon

#### 1. Standard of Review

"It is well established that where matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

#### 2. Analysis

Plaintiff argues the trial court erred by declining to hear Plaintiff's Motion Challenging the Standing of Caroline Patricia Condon and Finding Conflicts of Interest ("Plaintiff's Motion") and instead of granting Defendant's Motion to Dismiss for lack of jurisdiction.

Prior to the hearing, the trial judge emailed counsel for Plaintiff and Defendant and stated: "I do not need to address [Plaintiff counsel's] additional motion. . . . you can cite the G.S. Sec. 32C-2-212, as well as the fact that even though the objection was served more than five days before, it was not calendared with my TCC and the court received no notice of it until the day of the hearing." N.C. Gen. Stat. § 32C-2-

212 (2021) permits a power of attorney to "assert and maintain before a court . . . an action to recover property or other thing of value."

¶ 23 Plaintiff amended his complaint to include Ms. Condon as a party and made allegations asserting her power of attorney and her "total control" over Defendant. In his discretion, the trial judge determined Plaintiff failed to comply with the motion's prior notice and calendaring requirements to bar Ms. Condon's standing or find conflict of interest. The trial judge acted within his authority. Plaintiff's argument fails to show any abuse of that discretion and is overruled.

## V.    Conclusion

¶ 24 The trial court properly ruled assertion of personal jurisdiction over Defendant is unreasonable because he has no contacts with this forum. Plaintiff's interest in the bank accounts and funds located in North Carolina permits the courts of this State to exercise *in rem* jurisdiction over his declaratory judgment action to address his claims. The trial court did not err in refusing to hear Plaintiff's arguments concerning Caroline Condon's standing and asserted conflicts of interest. We affirm in part, reverse in part, and remand for further proceedings.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Judges Carpenter and Gore concur.