McGEE, Chief Judge.
*387 Hannelore Ellison ("Plaintiff") and Henry P. Ellison ("Mr. Ellison")[1] were married on 22 June 1972, and had three children together. Plaintiff and Mr. Ellison separated in March of 1997. The trial court entered an equitable distribution order on 30 April 2002 in which "[t]he parties agree [d] that the contents of [the] order represents their agreement as to their marital property division and the same shall be a full and final settlement of any pending claims for equitable distribution." Pursuant to the 30 April 2002 order, Mr. Ellison was "ordered to maintain the Survivors Benefit Plan [ ("SBP") ] on his pension naming ... Plaintiff as beneficiary. [Mr. Ellison] shall immediately execute any forms or make necessary arrangements to insure ... Plaintiff is listed as the beneficiary." At the time of the 30 April 2002 order, Mr. Ellison was retired from the United States Army and was receiving retirement benefits. The SBP is a plan, managed by the Defense Finance and Accounting Service ("DFAS"), available to eligible military retirees whereby some retirement pay is withheld *524 monthly to participate in a plan to provide a surviving spouse, former spouse, or other designate, with monthly benefits upon the death of the participating serviceperson. Because Plaintiff and Mr. Ellison were married when Mr. Ellison retired, Plaintiff became the beneficiary of the SBP upon Mr. Ellison's retirement. 10 U.S.C. § 1448(a). Plaintiff and Mr. Ellison were divorced on 7 December 2006, and R36 Mr. Ellison re-married twice. His second wife died, and he married Elizabeth Smith-Ellison ("Defendant") on 19 January 2010. Mr. Ellison died on 20 November 2011.
Mr. Ellison failed to designate Plaintiff as the former spouse beneficiary of the SBP as required by the 30 April 2002 order.[2] Plaintiff failed to obtain a "deemed election" within the one-year period following entry of the 30 April 2002 equitable distribution order, or within one year following entry of the divorce decree on 7 December 2006, which incorporated *388 the 30 April 2002 order, as required by 10 U.S.C. § 1450(f)(3).[3] Plaintiff apparently did not realize, until after Mr. Ellison's death in 2011, that Mr. Ellison had failed to abide by the trial court's order, and had not elected her as beneficiary of the SBP. At that time, according to Plaintiff, DFAS informed her that her only recourse was to apply to the Army Board for the Correction of Military Records ("the Board"), seeking to have them change the designated beneficiary on Mr. Ellison's SBP records to Plaintiff.
According to Plaintiff, the Board informed her that it could not
act on applications for correcting SBP beneficiary designations without either: the consent of all interested parties who may have an interest in the benefit, or a court order finding that the individual concerned [Defendant] has no right to the SBP payments ... where the individual [Defendant] has been made a party to the action in which the said order is entered.
The trial court found as fact in its 9 June 2014 order for joinder:
In order for the court-awarded SBP payments to be effectuated to [ ] Plaintiff, she must have either: a notarized affidavit from [Defendant] relinquishing her rights to the benefit in favor of [ ] Plaintiff, or an order declaring that [ ] Plaintiff is the rightful beneficiary of the benefit. The [Board] requires that [Defendant] be joined as a party before said order is entered.
Apparently Defendant was not willing to give the required consent. If Plaintiff were to obtain the order requested by the Board, the Board would then consider her application. If the Board changes the record to indicate Plaintiff is the designated beneficiary of the SBP, Plaintiff could then apply to DFAS seeking to have them recognize her as the legitimate beneficiary, and provide her with the SBP benefits.
Plaintiff filed a motion on 28 May 2014 to join Defendant as a third-party defendant in her original divorce action. Plaintiff filed *389 a third-party complaint against Defendant on 23 June 2014 seeking an order ruling that Defendant "has no interest in the former-spouse payments of Mr. Ellison's [SBP.]" The trial court granted Plaintiff's motion to join Defendant by order entered 9 June 2014. Defendant made a limited appearance "for the sole purpose of contesting personal jurisdiction and to quash the Order for Joinder dated June 9, 2014, as requested in my concurrently *525 filed Motion to Quash." Defendant's notice of limited appearance and motion to quash for lack of personal jurisdiction were both filed on 27 June 2014. Defendant filed a motion to dismiss on 25 July 2014, based upon lack of personal jurisdiction. Plaintiff moved for summary judgment on 27 August 2014.
Plaintiff's motion for summary judgment was heard on 2 October 2014. Summary judgment in favor of Plaintiff was entered by order filed on 2 October 2014, which stated "that [P]laintiff [was] entitled to judgment as requested in her motion, as a matter of law. [P]laintiff [was] the rightful beneficiary of the [SBP] annuity of [Mr. Ellison] as of the date of his death." Defendant appeals.
I.
In Defendant's second argument, which we address first, she contends that the trial court erred in failing to dismiss the third-party complaint because the trial court lacked personal jurisdiction over Defendant. We disagree.
The trial court indicated that it believed it had in rem jurisdiction, and that it also obtained personal jurisdiction over Defendant because certain filings in the matter served to waive her objection to personal jurisdiction. We hold the trial court had jurisdiction in rem.
A court of this State having jurisdiction of the subject matter may exercise jurisdiction in rem or quasi in rem on the grounds stated in this section. A judgment in rem or quasi in rem may affect the interests of a defendant in a status, property or thing acted upon only if process has been served upon the defendant pursuant to Rule 4(k) of the Rules of Civil Procedure. Jurisdiction in rem or quasi in rem may be invoked in any of the following cases:
(1) When the subject of the action is real or personal property in this State and the defendant has or claims any lien or interest therein, or the relief demanded consists wholly or partially in excluding the defendant from any interest or lien therein. This subdivision *390 shall apply whether any such defendant is known or unknown.
N.C. Gen.Stat. § 1-75.8 (2013) (emphasis added). Defendant states in her brief: "The fact that there exists 'personal property' in North Carolina in which [Defendant] may have an interest, because of equitable distribution, is not alone sufficient to establish jurisdiction over [her] or her property." Defendant does not contest that the interest in the SBP constitutes personal property located in North Carolina, so we do not address that issue.[4] Defendant argues that the SBP issue was part of the equitable distribution action between Plaintiff and Mr. Ellison and, therefore, in rem jurisdiction could not apply. Defendant cites Carroll v. Carroll, 88 N.C.App. 453, 363 S.E.2d 872 (1988) for the proposition that:
In an equitable distribution action, the court is exercising jurisdiction over the interests of persons in property and not over a "status" of the parties. Exercise of this jurisdiction must meet the minimum contacts standard of International Shoe Co. v. Washington, 326 U.S. 310, 316 [66 S.Ct. 154, 158] 90 L.Ed. 95, 102 (1945) (defendant and forum State must have minimum contacts such that exercise of jurisdiction does not offend " 'traditional notions of fair play and substantial justice.' "). Shaffer, 433 U.S. at 212, 97 S.Ct. at 2583-84, 53 L.Ed.2d at 703.
Carroll, 88 N.C.App. at 455, 363 S.E.2d at 873-74. First, we do not recognize the present action as one for equitable distribution. It is unclear that SBP benefits are allocated pursuant to equitable distribution, but assuming arguendo that they are, this appeal is not from the equitable distribution order, but from an order determining the rightful beneficiary of the SBP. Nonetheless, the requirements of fair play and substantial justice must be satisfied before in rem jurisdiction may be exercised over Defendant.
*526 Shaffer v. Heitner, 433 U.S. 186, 212, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) ("We therefore conclude that all assertions of state-court jurisdiction [including in rem ] must be evaluated according to the standards set forth in International Shoe and its progeny."); Balcon, Inc. v. Sadler, 36 N.C.App. 322, 244 S.E.2d 164 (1978).
*391 We hold that the requirements of International Shoe and its progeny are satisfied in this instance. In Lessard v. Lessard this Court held the following:
The estate of the defendant's deceased daughter is personal property in this State and the relief demanded is to exclude the defendant from any interest in this property. No question has been raised as to service pursuant to Rule 4(k). This brings this action within the provisions of G.S. 1-75.8(1) and gives the court jurisdiction.
Lessard v. Lessard, 68 N.C.App. 760, 762, 316 S.E.2d 96, 97 (1984). The relief sought in the present action, like in Lessard , is to exclude Defendant from any interest in property located in North Carolina. When the subject matter of the controversy is property located in North Carolina, the constitutional requisites for jurisdiction will generally be met.
[W]e find the combination of the following factors sufficient to establish the requisite connection between the defendant and the forum: (1) The presence of the property in this State, especially in light of (2) the relationship between the property and the cause of action. As the Shaffer Court pointed out, the mere presence of property in the forum may "suggest the existence of other ties among the defendant, the State, and the litigation, ..." Shaffer v. Heitner, supra, at 209, 97 S.Ct. at 2582, 53 L.Ed.2d at 701. See also Gro-Mar Public Relations, Inc. v. Billy Jack Enterprises, Inc., 36 N.C.App. 673, 245 S.E.2d 782 (1978). A significant tie develops when the property is related to the underlying controversy. In such a case, "it would be unusual for the State where the property is located not to have jurisdiction.... [T]he defendant's claim to property located in the State would normally indicate that [she] expected to benefit from the State's protection of [her] interest." Shaffer v. Heitner, supra at 209, 97 S.Ct. at 2581, 53 L.Ed.2d at 700. We think it indisputable that the property in the present case is related to and, indeed, is the source of the controversy between the plaintiff and the defendant.
Canterbury v. Hardwood Imports, 48 N.C.App. 90, 93-94, 268 S.E.2d 868, 870-71 (1980). It is indisputable that the property in this case was the source of the controversy before the trial court. We hold that the *392 trial court properly exercised in rem jurisdiction. This argument is without merit.
II.
In Defendant's first argument, she contends that the trial court erred in granting summary judgment because "there were genuine issues of material facts as to why Plaintiff failed to comply with the statutory deadlines for being designated beneficiary of Defendant's [SBP]." We disagree.
Defendant argues that because the trial court "conducted no inquiry, and received no evidence, as to why [Plaintiff] failed to comply with the statutory requirements and what the effect of that failure was[,]" there were issues of material fact concerning Plaintiff's failure, and summary judgment was improper. Defendant's focus on Plaintiff's failure to comply with the requirements of the United States Code ("the Code") related to perfecting her interest in the SBP is misplaced. Mr. Ellison was ordered to take the steps necessary to designate Plaintiff as the former spouse beneficiary of his SBP by order entered on 25 April 2002. Mr. Ellison failed to comply with the order, and did not take the required steps to designate Plaintiff as the former spouse beneficiary pursuant to 10 U.S.C. § 1448(b)(2). The Code allows a former spouse to obtain a "deemed election" as the SBP beneficiary in certain circumstances:
(A) Deemed election upon request by former spouse. -If a person described in paragraph (2) or (3) of section 1448(b) of this title is required (as described in subparagraph (B)) to elect under section 1448(b) of this title to provide an annuity to a former spouse and such person then fails or refuses to make such an election, such person shall be deemed to have made *527 such an election if the Secretary concerned receives the following:
(i) Request from former spouse. -A written request, in such manner as the Secretary shall prescribe, from the former spouse concerned requesting that such an election be deemed to have been made.
(ii) Copy of court order or other official statement. -Either-
(I) a copy of the court order, regular on its face, which requires such election or incorporates, ratifies, or approves the written agreement of such person; or *393 (II) a statement from the clerk of the court (or other appropriate official) that such agreement has been filed with the court in accordance with applicable State law.
(B) Persons required to make election. -A person shall be considered for purposes of subparagraph (A) to be required to elect under section 1448(b) of this title to provide an annuity to a former spouse if-
(i) the person enters, incident to a proceeding of divorce, dissolution, or annulment, into a written agreement to make such an election and the agreement (I) has been incorporated in or ratified or approved by a court order, or (II) has been filed with the court of appropriate jurisdiction in accordance with applicable State law; or
(ii) the person is required by a court order to make such an election.
(C) Time limit for request by former spouse. -An election may not be deemed to have been made under subparagraph (A) in the case of any person unless the Secretary concerned receives a request from the former spouse of the person within one year of the date of the court order or filing involved.
10 U.S.C. § 1450(f)(3) (2014). Defendant is correct, and Plaintiff admits, that Plaintiff failed to follow the requirements to obtain a deemed election pursuant to 10 U.S.C. § 1450(f)(3) within one year of entry of the relevant order as required by 10 U.S.C. § 1450(f)(3)(C). Plaintiff was not seeking, and the trial court did not attempt, to order DFAS to elect Plaintiff as the former spouse beneficiary of the SBP in contradiction to the mandates of 10 U.S.C. § 1450(f)(3). The ultimate decision of whether Plaintiff is designated the beneficiary of the SBP continues to lie with DFAS.
Upon realizing that Mr. Ellison had not designated her as beneficiary of the SBP, and also realizing that she had failed to force a deemed election pursuant to 10 U.S.C. § 1450(f)(3) within one year of entry of the relevant order, Plaintiff applied to the Board to have her listed on the appropriate records as beneficiary. In its 9 June 2014 order joining Defendant in this action, the trial court found as fact:
*394 3. [Defendant] has an interest in the Survivor Benefit Plan annuity that was awarded to the Plaintiff in this action.
4. In order for the court-awarded SBP payments to be effectuated to [ ] Plaintiff, she must have either: a notarized affidavit from [Defendant] relinquishing her rights to the benefit in favor of [ ] Plaintiff, or an order declaring that [ ] Plaintiff is the rightful beneficiary of the benefit. The Board of Corrections for Military Records requires that [Defendant] be joined as [a] party before said order is entered.
5. [Defendant] has failed to provide an affidavit relinquishing her rights, and therefore an order must be entered that declares that [ ] Plaintiff is the rightful beneficiary.
Defendant has not challenged these findings of fact and, therefore, they are binding on appeal. Langston v. Richardson, 206 N.C.App. 216, 219, 696 S.E.2d 867, 870 (2010). The trial court was acting in response to a request from the Board to enter the order in this matter.
Further, contrary to Defendant's entire argument on appeal, the issue before the trial court, and now before us, has to do with the requirements of the Board, not the requirements of DFAS and the Code for obtaining a deemed election pursuant to 10 U.S.C. § 1450(f)(3). The reasons for Plaintiff's failure to act within the time limit set in 10 U.S.C. § 1450(f)(3)(C) were irrelevant to the trial court's ruling on summary judgment.
*528 Plaintiff will have to try and convince the Board that correction of the relevant records to include her as the former spouse beneficiary will "correct an error or remove an injustice[:]"
(a)(1) The Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice. Except as provided in paragraph (2), such corrections shall be made by the Secretary acting through boards of civilians of the executive part of that military department.....
....
(3) Corrections under this section shall be made under procedures established by the Secretary concerned. In the case of the Secretary of a military department, those procedures must be approved by the Secretary of Defense.
*395 10 U.S.C. § 1552 (2014). "[The Board] is a civilian body within the military service, with broad-ranging authority ... 'to correct an error or remove an injustice' in a military record, § 1552(a)(1)." Clinton v. Goldsmith, 526 U.S. 529, 538, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999) ; see also Porter v. U.S., 163 F.3d 1304, 1324 (Fed.Cir.1998) (" Section 1552 of title 10 conveys broad authority to the corrections boards regarding how they may exercise their statutory responsibilities, and contains no prescriptions on how they may fulfill their statutory charge.").
The trial court's ruling in this case simply answers the request the Board made to Plaintiff to obtain a court order, with Defendant joined as a party, determining the rightful beneficiary of the SBP so far as the trial court, which entered the original order designating Plaintiff as beneficiary, was concerned. Based upon the prior order of the trial court designating Plaintiff as beneficiary, and Defendant's failure to participate in the action-and therefore failure to present any argument or evidence that she was the rightful beneficiary-we hold that there were no issues of material fact in this matter, and summary judgment was properly granted in favor of Plaintiff. We do not suggest the 2 October 2014 summary judgment mandates any particular resolution of Plaintiff's application to the Board, or any further proceedings she may have with DFAS or any other federal entity.
AFFIRMED.
Judges ELMORE and GEER concur.

Mr. Ellison was the defendant in the original divorce action. Elizabeth Ellison was brought into this action as the third-party defendant. However, because Elizabeth Ellison is the relevant party in this appeal, we will refer to her simply as "Defendant".

Defendant, citing 10 U.S.C. 1448(b)(3)(A)(II)(iii), contends that Mr. Ellison was required to make the election of Plaintiff as beneficiary within one year of the entry of the divorce decree. However, 10 U.S.C. 1448(b)(2), not 10 U.S.C. 1448(b)(3), is the applicable paragraph in this case. Unlike 10 U.S.C. 1448(b)(3), 10 U.S.C. 1448(b)(2) does not contain a time limit for the serviceperson to make an election of a former spouse as beneficiary. Because Mr. Ellison is deceased and cannot make an election, we do not address whether there is any time limit for election of a former spouse pursuant to 10 U.S.C. 1448(b)(2).

The 7 December 2006 order granting divorce incorporated the 10 April 2002 equitable distribution order, and further ordered both parties to do whatever was necessary "to effectuate the provisions of this Decree." Because it is irrelevant whether the 10 April 2002 order or the 7 December 2006 order constitutes the last order directing Mr. Ellison to elect Plaintiff as the SBP beneficiary, we do not reach a decision concerning whether the order for divorce constituted a new and enforceable order for the purposes of 10 U.S.C. § 1450(f)(3).

Because "our case law comports with the general understanding that in rem is but one type of personal jurisdiction[,]" Defendant can waive contested issues of in rem jurisdiction. Coastland Corp. v. N.C. Wildlife Resources Comm'n, 134 N.C.App. 343, 346, 517 S.E.2d 661, 663 (1999).